## JAMES PORTER *v.* JIRAH VAUGHAN AND REUBEN R. THRALL.

### [IN CHANCERY.]

An appeal lies from a decree of the chancellor, ordering a decree to be amended, so as to correspond with the docket minutes.

The court of chancery have power, upon petition, to order such amendment to be made.

In this case the docket entry was, that the decree be dismissed, with costs, and the decree, as written at length and signed by the chancellor, stated, that it was agreed by the parties, that the bill should be dismissed upon its merits, and that thereupon it was ordered, that the bill be dismissed " upon its merits," with costs; and it was held, that the court of chancery, upon petition, might order the decree to be amended, by erasing the words " upon the merits " and the statement of the agreement, and thus leave the parties to their rights, as affected by the dismissal of the bill without any agreement respecting it,— it not being satisfactorily shown, that any such agreement was made.

THIS was a petition to the court of chancery, April Term, 1847, in which the petitioner alleged, that heretofore he preferred his bill in chancery against the petitionees, and that, at the September Term, 1840, of the court of chancery, it was decreed, that the bill be dismissed, with costs; but that it was stated in the decree, as written by the solicitor and signed by the chancellor, that the bill was dismissed " upon the merits," with costs;—and the petitioner prayed, that the decree might be amended, by erasing therefrom the words " upon the merits."

The decree in the original suit, which was made September Term, 1840, as written at length, and signed by the chancellor, after stating the bringing of the bill, the answers of the defendants, the taking of testimony, &c., proceeded as follows,—" at which term the said cause being called to be heard upon the merits, as aforesaid, Robert Pierpoint, Esq., solicitor for the orator, appeared and declined a hearing of said cause and requested, consented and agreed, that said bill be dismissed upon the merits, and the said court did thereupon order, adjudge and decree, and it is ordered, adjudged and decreed, that said bill be dismissed upon the merits, with costs," and that the orator pay to the clerk the costs within a

time stated. The docket entry of the case, September Term, 1840, was in these words,—" Decree that bill be dismissed, with costs." From the affidavit of the chancellor, who made the decree, it appeared, that the entry made by him upon his docket, September Term, 1840, was in these words,—" Bill dismissed, with costs."

For the purpose of showing, that the petitioner had early knowledge of the form, in which the decree was drawn, the petitionees gave in evidence the records and files in the suit at law in favor of Vaughan against the petitioner,—reported 16 Vt. 266,—from which it appeared, that Vaughan, in that suit, in 1841, pleaded the decree in bar to a recovery by Porter upon a plea of set off, filed by him ; and it also appeared, that the decree had been pleaded in bar to another suit in chancery, subsequently commenced by Porter, and that Porter claimed, in answer thereto, that there were other and different matters stated in that bill from those adjudicated upon in the former suit.

Affidavits were filed in support of the petition, and also counter affidavits.

The court of chancery, September Term, 1848,—HALL, Ch.,— ordered, that the decree mentioned in the petition be amended by striking therefrom, after the words " Robert Pierpoint, Esq., solicitor for the orator, appeared and declined a hearing of said cause," the following words, viz., " and requested, consented and agreed, that said bill be dismissed upon the merits,"—and also by striking from the decree the words " upon the merits " next after the word " dismissed,"—without costs to either party. From this decree the petitionees appealed.

*S. H. Hodges* and *S. Foot,* for petitioner, cited *Scales* v. *Cheese,* 12 M. & W. 685 ; Rev. St. 150, § 20 ; Daniel's Ch. Pr. 1215–1217, 1226, 1233–1235 ; Newland's Ch. Pr. 186 ; 2 Smith's Ch. Pr. 2, 6.

*Thrall & Smith,* for petitionees, cited 2 Daniel's Ch. Pr. 753, 754, 930, 1184, 1199, 1200, 1234; Story's Eq. Pl. § 793 ; *Pelton* v. *Mott,* 11 Vt. 150; *Leitch* v. *Cumpston,* 4 Page 476 ; *Rogers* v. *Rogers,* 1 Page 188 ; *Mead* v. *Arms,* 3 Vt. 152.

Porter v. Vaughan et al.

The opinion of the court was delivered by

HALL, J. This was a petition to the court of chancery, praying for an amendment of a decree, made between the parties at the September Term of that court in 1840,—the petition having been filed at the April Term, 1847. On the hearing of the petition, that court ordered the amendment to be made, and from such order the defendants have appealed.

It is objected by the petitioner, that the amendment was wholly within the discretion of the chancellor, and that no appeal lies from his decision ordering it to be made. It is to be observed, that the statute allowing appeals is very comprehensive in its terms,—its language embracing all final orders and decrees, except in certain enumerated cases. Revised Statutes 150, sec. 18. We might not perhaps be entirely agreed in regard to the extent of this right; but without undertaking to determine the question, we have concluded to treat this case as properly before us.

The amendment, for which the petitioner prayed, and which was ordered to be made by the chancellor, was to strike from the decree, so much of it, as stated, that the dismissal of the bill was, by agreement, upon the merits. The amendment was claimed on the ground, that the decree, as recorded, did not, in that respect, conform to the decision, which had been made by the chancellor. It is objected, that such an amendment cannot properly be made on petition,—that the remedy for the error, if there be one, is only by bill of review.

It may be true, that in England, after a decree has been signed and enrolled, it can ordinarily be amended only on bill of review. But even there, errors apparent upon the face of the decree, such as require no proof by affidavit, may be amended after enrollment; Daniel's Ch. Pr.; Goldsmith's Equity 190; and it is by no means clear, that an error, which appeared to be such by the minutes for the decree, might not in England be amended on petition, or even on motion. But whatever may be the rule in England, we think such an amendment might well be made here.

In England decrees are drawn up with great care, by an officer of the court, as a part of his official duty. When the decision of the chancellor is made, minutes for the decree are taken down by the *registrar*, and by him delivered to the several parties to the suit.

The minutes being *settled*, which is done by the counsel of the several parties attending before the *registrar*, on a day appointed for that purpose, the decree is drawn up, and delivered to the party, in whose favor it is made, and an office copy of it is taken by the opposite party. After the decree has thus been submitted to the examination of counsel on both sides, a day is fixed for *passing* it, when all objections to it are heard and considered; and if the *registrar's* decision is unsatisfactory, an appeal may be made to the chancellor. After the decree is *settled*, it is signed by the *registrar* and *entered*, that is, copied at length into a book in his office. This completes the decree for all purposes of its execution by the court; but it does not become technically a record, so that it may be pleaded as such, until it is signed by the chancellor and enrolled. In practice the enrolment appears to be very generally omitted, until some use of the decree as a record renders the enrolment necessary.

In this state the decree is drawn by the solicitor of the party, in whose favor it is made, he certifying to its correctness, is signed by the chancellor without examination, upon the faith of the solicitor's certificate, and then recorded. The writing and recording of the decree is wholly an *ex parte* proceeding, and as there is no rule requiring it to be shown to the opposite party, there is no opportunity for him to notice any mistakes in the decree, until after it becomes matter of record. Under such circumstances it would be unreasonable, to put a party, complaining of a mere clerical error in a decree, to the tedious and expensive remedy of a bill of review. A bill of review, indeed, seems an inappropriate remedy. The party does not complain, that there is error in the decision of the court, by which he has been injured; but that the decision has not been correctly recorded. He complains, in effect, of a misprison of the clerk, by which a decree may be enforced against him, which the court never made. In such case we think, the party ought not to be put to the expense and delay of again trying his cause upon a bill of review, but should be entitled to have the matter examined upon petition.

It is objected to the order of the court of chancery in this case, that it ought not to have been made after such a lapse of time, and that the facts shown did not warrant its being made.

It is undoubtedly true, that the delay and other circumstances

Porter *v.* Vaughan et al.

shown in this case would ordinarily form very strong objections to allowing an amendment. But the words in the decree, which are complained of, are peculiar. They are not usually inserted in a decree. A decree, which is made upon a hearing and manifestly upon the merits, is not usually stated in terms to be so. The effect of the decree is left to be determined by the state of the pleadings and the circumstances, under which it was made. In the present case all the proceedings previous to and attending the dismissal of the bill are stated in detail. If a dismissal, under the circumstances, would operate as a decision upon the merits, (upon which we express no opinion,) then there was no need of any insertion of the statement, that it was dismissed on the merits. If, under the circumstances, the dismissal would not be on the merits, then it should not have been so stated, unless upon the solemn agreement of the parties in writing, as in the case of *Pelton* v. *Mott*, 11 Vt. 148, cited in the argument, or upon such agreement made in court and entered upon the docket at the time. It is not necessary to question the correctness of the affidavit of the party, who drew up the decree. I see no reason to doubt, that he states what took place, as he understands it. But an agreement of such a character should not be suffered to remain in recollection. If the party, in whose favor a decree was made, designed to have it operate as a record estoppel, by force of an agreement of the parties to that effect, he should have seen to it, at the time of the making of the agreement, that it was not suffered to rest alone on slippery memory. There being no written evidence of such an agreement, and no docket minutes of it, we think, the decree was properly amended, by erasing from it the statement of the agreement.

The decree of the court of chancery is affirmed.