E. W. Blondin *v.* Evangeline McArthur et al.

Evangeline McArthur *v.* E. W. Blondin and Mary Chennette.

May Term, 1911.

Present: Rowell, C. J., Munson, Watson, Haselton, and Powers, JJ.

Opinion filed July 31, 1911.

*Equity—Pleading—"Supplemental Bill"—Disposition of Case after Remand—Failure to Obey Mandate—Remedy—Petition —Questions Reviewable—Theory of Case in Trial Court— Indemnity—Liability—Pleading—Construction—Bonds— Conditions.*

A supplemental bill is merely an addition to the original bill, and its usual purpose is to remedy some defect in the original bill that cannot be remedied by amendment; but a bill, whose principal purpose is to obtain a correction of a decree and make it conform to the mandate of the Supreme Court, is not a supplemental bill.

It is the duty of the court of chancery to obey the mandate of the Supreme

Court remanding a case with directions, and the successful party is entitled to a decree in accordance with the mandate.

Either a bill of review or a petition is a proper remedy to correct an enrolled decree in chancery not conforming to the mandate of the Supreme Court remanding the case with directions, but the latter remedy is preferable.

A bill in chancery to correct an enrolled decree and conform it to the mandate of the Supreme Court remanding the case with directions, though inadequate as a bill, may be treated as a petition to correct the decree though informal and cumbersome as such, but in that event the injunction prayed for cannot be granted.

The introductory part of a bill in chancery must name the persons the orator intends to make parties defendant, as required by the rule.

A bill in chancery that, without objection, was treated below as properly demurred to for want of equity will be so treated by the Supreme Court on appeal.

A bill in chancery for an accounting on a bond given by a party to a suit as principal and another as surety, conditioned for the keeping in repair of cottages on the land in controversy, and to account for all profits in the event of a final recovery by the obligee, but alleging nothing from which it naturally results that the obligee has any right to the cottages, even though the obligor has none, states no cause of action, as the possession of the obligor is good against the obligee until he shows a better title.

No intendments will be made in favor of an orator that do not naturally result from the facts alleged in the bill.

A bond given by the orator in a chancery suit to the defendants therein, conditioned for the keeping in repair of cottages on the land in controversy and to account for all profits "in the event of a final recovery by the defendants", is conditioned on a final recovery establishing the obligees' rights against the obligor.

APPEALS IN CHANCERY, Franklin County. Both cases heard at Chambers on January 20, 1911, on demurrer to the respective bills, *Miles*, Chancellor. Decree in each case sustaining the demurrer and dismissing the bill with costs to defendants. The opinion sufficiently states the case.

*H. P. Dee* for E. W. Blondin and Mary Chennette.

*C. G. Austin & Sons* for Evangeline McArthur and others.

ROWELL, C. J. These cases were heard together as one, but are two.

The Blondin case purports to be a supplemental bill in *Blondin* v. *Brooks*, 83 Vt. 472, 76 Atl. 184. The defendants therein object by demurrer in their answer that it is not a supplemental bill. The objection is well taken. A supplemental bill is merely an addition to the original bill, and its usual purpose is to remedy some defect in the original bill that can not be remedied by amendment. But that is not the purpose of this bill, nor does it allege supplemental matter. Its principal purpose is to obtain a correction of the decree in the Brooks case, and make it conform to the mandate sent down therein. That mandate directed that the renunciation of marital rights mentioned in the opinion in that case, be brought into it, and when brought in, that a decree be entered for the orator against Brooks according to the prayer of the bill. But instead of that, on application in vacation without notice to the orator, these defendants procured a decree to be entered and filed that did not bring that renunciation into the case, but provided only that when it was brought in, a decree might be entered for the orator against Brooks according to the prayer of the bill, with or without costs as might be determined. It was the duty of the court of chancery to obey the mandate by bringing the renunciation into the case as required, and the right of the orator to have that done, and the decree should be corrected accordingly, and made to conform to the mandate.

The bill also seeks to enjoin the defendants from interfering with the orator in his possession of the land in question; from further prosecuting divers suits at law and in equity in the bill mentioned; and from instituting other like suits concerning the same matters.

A bill of review would have been a proper remedy to correct said decree, which must be taken on the pleadings to have been enrolled. But such a bill was not necessary, as a petition would have been adequate and preferable. *Porter* v. *Vaughan*, 22 Vt. 269. And it may be that even now the decree can be corrected on motion, as the error is apparent on the face of the record, and requires no proof by affidavit nor otherwise. But however that may be, we think the bill is good as a petition, though informal and cumbersome as such, and it is so adjudged.

But being thus treated, the injunctive relief prayed for cannot, of course, be granted.

The defendants also demur, for that the bill in its introductory part does not contain the names of the persons that the orator intends to make parties defendant. The bill is defective in this respect, for the Rule requires that to be done.

*Decree reversed as to dismissing the bill, but affirmed as to sustaining the demurrer, and altered so as to adjudge the bill insufficient only as a supplemental bill and sufficient as a petition, and cause remanded.*

The McArthur case is virtually a bill for an accounting on a bond given by Blondin as principal and the defendant Chennette as surety, in the Brooks case, in which the orators were among the defendants. The bond is conditioned to keep in repair the cottages on the land in controversy in that case, and to account for all income, profits, and rentals therefrom in the event of a final recovery by the defendants therein.

The defendants in the case in hand insist in their answer, that the bill is not sufficient in law to be maintainable, and that the defendants are not bound to answer it, because the orators have an adequate remedy at law; because of multifariousness; because the defendant Chennette has no interest in the subject-matter of the bill except so far as she may be liable in a separate action on her bond after the right to possession and an accounting are determined; and because the orators can obtain whatever relief they are entitled to by motion or petition in the Brooks case, in which the bond was given.

The defendants do not claim in their answer the benefit of their objections as though they had formally demurred on account of them, and therefore the orators insist that they do not amount to a demurrer, and consequently that there is no demurrer in the case.

This objection seems to be made here for the first time, for the chancellor who heard the case below says it came on to be heard on demurrer, and he heard it accordingly, and dismissed the bill with costs, because, he says, the decree upon which the orators rely, adjudges and determines that neither the orators

nor the defendants have title to the premises in question; and because the bill alleges, by inference at least, that Blondin is in possession, without alleging that the orators have a superior equity to that possession, upon which the rights under the bond are to be determined.

The bill having been treated below without objection as being demurred to for want of equity, it must be so treated here.

It sets out the mandate in the Brooks case, and avers that the court of chancery decreed in accordance therewith, (which, however, is not so,) and alleges that since the case was thus finally disposed of, as far as these orators are concerned, and in respect of the cottages therein named, the rights of Blondin are finally determined; that he has no right, title, nor interest therein; and that he and the defendant Chennette are liable and indebted to the orators on account of their bond, the condition of which has been broken.

If we take as sufficient the allegation that since the final decree in the Brooks case the defendant Blondin has had no right, title, nor interest in the cottages, we can not take as sufficient the allegation that he and Chennette are liable and indebted to the orators on account of their bond, for no intendments are to be made in favor of the orators that do not naturally result from the facts alleged, and no facts are alleged from which it naturally results that the orators have any right to the cottages though Blondin has none, and his possession is good against the orators until they can show a better right than he has. And besides, note the condition of the bond, namely, "in the event of a final recovery by the defendants." This means, of course, a final recovery that established rights in hem as against Blondin in respect of the property concerning which the accounting is to be had. But no such recovery is alleged.

We limit our consideration of the case as the court below limited its. Indeed we do not know that the demurrer on the other grounds was brought on there for hearing.

*Decree affirmed and cause remanded.*