Rosse and others, *assignees of* C. Snow, *against* C. Rust
and others, *representatives of* A. Rust.

Where a cause was set down for a hearing, on the bill and answer, and
the bill was dismissed with costs, because no person appeared for
the plaintiff, and the decree was enrolled, the decree was held to be
no bar to another suit for the same matter.

*Jan.* 18*th.*     THE bill, in this cause, which was filed the 19th of *April,*
1814, was substantially for the same matter for which a bill
was filed on the 9th of *June,* 1810, by *Ephraim Snow,*
against *Amaziah Rust,* which cause was set down for a
hearing on the bill and answer, the 10th of *September,* 1812,
when no person appearing on the part of the plaintiff, the
bill was dismissed with costs; and the decree of dismissal
was enrolled.

The defendants now pleaded the former suit, and decree
therein, in bar.

*Tucker,* for the plaintiffs.

*Cady,* contra.

THE CHANCELLOR. The present suit is for the same
matter, in substance, as that contained in the pleadings in the
former action, and the question is, whether the decree dis-
missing the bill in the former suit at the hearing, (the cause
having been set down for hearing by the defendant, upon
leave previously had and obtained on a previous default of
the plaintiff,) *because no person appeared on the part of the*
*plaintiff,* is a bar to the present suit.

The merits of the former cause were never discussed, and
no opinion of the Court has ever been expressed upon them.

It is, therefore, not a case within the rule rendering a decree a bar to a new suit. The ground of this defence by plea is, that the matter has been already decided, and here has been no decision on the matter. In *Brandlyn* v. *Ord*, (1 *Atk.* 571.) Lord *Hardwicke* said, " that where the defendant pleads a former suit, he must show it was a *res judicata*, or absolute determination of the Court, that the plaintiff had no title. A bill dropped for want of prosecution, is not to be pleaded as a decree of dismission, in bar to another bill." The same doctrine is stated in Lord *Redesdale's* treatise. (*Mitf. Pl.* p. 195.) The decree in this case was equivalent to a judgment of nonsuit at law.

Plea overruled, and the defendants ordered to answer.