Gaston, Judge.
We ate of opinion that the plaintiffs in this case calling upon their trustee to account with them for *40 their share of Isaac Lamb’s estate are at liberty to question the correctness of this decree which the defendant sets up as a charge, for its full amount, upon that estate. It is not in truth a decree rendered in invitum, and by a judgment of the court to which the defendant was compelled to submit, and*' which therefore not only binds him, but those also for whose-benefit he held the estate, unless it can be impeached for fraud, but it is a voluntary settlement between the defendant and the persons then claiming, which the parties to that settlement have chosen to invest with the forms of a judicial determination. The decree is founded upon the report — that is without authority — and is avowedly adopted because it was made by the parties. A decree thus rendered as against the present plaintiffs has no force except so far as it is seen to be just.
The plaintiffs insist that, upon the face of the bill filed in that suit, it appears that the claimants had no demand against the executors of Isaac Lamb. That bill is evidently based upon the assumption that Lamb was answerable out of his own estate for any sums of money due from his wife at the time of her marriage to the legatees of her first husband. This assumption was unfounded, and until there be some explanation given why a claim thus unfounded was admitted by the executor — he cannot be permitted to set it up as a debt against the estate which he ought to pay, and his ces-tuque trusts to allow. The principle of Law and Equity is undoubted that a husband as such is not chargeable with the antecedent debts of his-wife, unless they be reduced to judgment during the coverture. The allegations in the bill that the earnings of the schooner, and the price of the negro George passed from the widow unto her second husband up?, on the intermarriage, cannot be understood as meaning more than that the property which came to his hands by the marriage was increased by the amount of what had thus been received by her and not accounted for. Money has no' earmarks, and without a specific averment to that effect it cannot be intended that the identical money arising from these earnings, and the price of the negro was delivered over to the second husband. Besides, it is insisted that the account so settled, whether fraudulently or negligently, has been made *41 up most inaccurately. The bill charged the widow with having sold George for #300, and the answer admitted it— yet in the account, the price without evidence is set down at 1 i t • #350, and the interest is calculated upon that sum. It is moreover objected that the account made out between the parties in'the former suit is so stated as not to present an opportunity of examining its correctness. All the credits áre grouped together into one item — of errors in overcharges and interest, of commissions and of the testator’s fourth of Jordan Hall’s share of the earnings of the vessel, amounting, to $1902-iVoi so as to leave a round sum of #4000. . It is further objected that the testator in right of his wife was equally well entitled to a fourth part of Jordan Hall’s share of the sum charged for the price of George, and this is not deducted. To these objections no satisfactory answers have been made, and we therefore feel it our duty to allow the exception. The decree is not evidence to support the master’s finding.
Although the debt ®f wife does ”°ainstVthe husband, ufllsss reduced to a iftheSiis-adniinis-the trator °/> orguardian toihecred-debt is u> having11 aB been
. But while we do this, we think it right to re-commit the report for the purpose of making an examination into the justice of the claim, of Spence Hall and others which was not open while the decree-was regarded as conclusive. It r i , ,. . ,. ° , .. , . appears from the pleadings in this cause that alter the intermarriage of Isaac Lamb with the widow of Spence Hall, he became guardian of two of said Hall’s children, and also ad- * — 1 ministered upon the estate of the one that died! In his capacity of guardian, as well as that of administrator it his duty to secure what was due to his wards, and to his intestate, and whatever was then due from himself and wife ought to be regarded as so much in his hands as guardian and administrator. The master therefore to whom the re- . port is re-committed upon the allowance or this exception, is directed to inquire and repoi;t whether any thing, and if any thing, what amount was due from Isaac Lamb deceased *°. Spence Hall, James G. Hall and Isaac N. Lamb and Sidney his wife, because ¡of the said Isaac’s guardianship to any these parties, or of their being the next of kin of Jordan Hall, the intestate of the said Isaac Lamb. The decree, we think, ought to be a protection to the defendant for such sums as be ascertained to have been due to the claimants *42 in that s«it, although these' sums did not become due in the manner alleged in the pleadings therein.
Per Cuiuam. Decree accordingly.