GRAND ISLE,
January,
1839.

L. E. PELTON *v.* D. & S. MOTT. .

When a bill in chancery is regularly dismissed upon its merits, and the matters of the bill have been passed upon, it is a bar to a second suit for the same matters.

If the bill is dismissed upon its merits in pursuance of an agreement of the parties, it is equally conclusive upon them.

THIS was an action of assumpsit on a promissory note. Plea, *non assumpsit.*

On trial in the county court the plaintiff gave in evidence a note signed by the defendants. The defendants then offered to prove, by parol, that at the time the note in question was signed, a suit was pending in chancery in favor of E. Pelton against the defendants and J. Mott and J. Truman, in relation to a tract of land in Alburgh : that the plaintiff then pretended to own and have the control of said Pelton's interest in said suit in chancery and in the premises mentioned in said bill, and that the defendants, for the purpose of purchasing the interest of said E. Pelton in said suit and in the premises in said bill in chancery mentioned, signed the note in question, with one other note for about the same amount, and put the same into the hands of B. H. Smalley, their agent, with directions to deliver said notes to the plaintiff, upon condition that the said E. Pelton's right and title to the premises, in said suit in chancery mentioned, should be extinguished or barred.

The said Smalley afterwards received from S. S. Brown, the solicitor of said E. Pelton in said suit in chancery, a memorandum in writing, signed by said Brown and himself, as solicitors in said suit, by which it was agreed that a decree of dismissal upon the merits should be drawn up, entered and recorded in said suit at the then next term of the court, at the expense of the orator, without cost to either party. Whereupon said Smalley delivered to said Brown said note, upon the condition that said note should not be delivered over to the plaintiff until such a decree should be entered in said suit in chancery as would extinguish and bar said E. Pelton's interest in the premises in said suit in chancery mentioned. This evidence was objected to by plaintiff, but admitted by the court. The defendants then gave in evidence the decree thereon, which was as follows : " And said

"answers being duly filed in said cause, and the interrogato-
"ries upon the part of the orator and defendants being set-
"tled, and the testimony of the parties having been taken,
"filed and published, agreeably to the directions, orders and
"rules of said court, the said cause came on to be heard and
"stood for a hearing on the merits before said court of
"chancery, at their term begun and holden at North Hero,
"within and for the county of Grand Isle, on the third
"Tuesday of January, 1837, at which term Stephen S.
"Brown, solicitor for the orator, appeared and declined a
"hearing of said cause, and consented and agreed that said
"cause be dismissed upon the merits, and said court did
"thereupon order, adjudge and decree, and it is ordered,
"adjudged and decreed, by said court, that said bill be dis-
"missed upon the merits, but without cost to either party.
    "Dated at North Hero, this 18th January, 1837.
                "Stephen Royce,
                "Samuel S. Phelps,   } *Chancellors.*"
                "Isaac F. Redfield,

    Which decree the defendants insisted was not drawn up
according to the terms and stipulations of said memorandum
in writing, or in such a manner as to extinguish or bar the
interest of said E. Pelton in said suit in chancery and in said
premises mentioned in said suit in chancery. But the county
court decided that said decree was drawn up according to
the terms and conditions of said writing, and that it did
extinguish or bar the said E. Pelton's interest in said suit
in chancery and the premises therein mentioned, and there-
upon directed a verdict for the plaintiff. To which the de-
fendants excepted.

    *Smalley & Adams,* for defendants.
    *S. S. Brown,* for plaintiff.

    The opinion of the court was delivered by

    BENNETT, J.—The only question in this case, which can
be raised, is whether the conditions, upon which the note
was to become operative, had been complied with; and of
that we think there can be no doubt. It is settled law that
when a bill in chancery is regularly dismissed upon the
merits, and the matters of the bill have been passed upon,
it is a bar to a second suit for the same matters, unless the
first bill is dismissed without prejudice. *Perine v. Dunn,*

4 Johns. Ch. Rep. 140. *Prettyman* v. *Prettyman,* 1 Vern. Rep. 310. Mitford on Pl. 3 Am. edit. 299. To render this principle applicable, there must be *res adjudicata,* a passing upon the very matters of the bill ; and it is contended in argument that in the present case there was not such a passing upon the matters of the first bill as to constitute a bar to a second bill for the same matter, and we are referred to the case of *Rosse et al.* v. *Rust,* 4 Johns. Ch. Rep. 300. But that case is not in point. The bill there was dismissed, because no person appeared on the part of the orator to prosecute ; and, though the second bill was for the same matter contained in the first, yet the merits of the former were not discussed or passed upon by the court, and the decree of dismissal was equivalent to a judgment of nonsuit at law. Though, in point of fact, the court may not have passed upon the matters of the bill, yet by the consent and agreement of the orator the decree of dismissal was entered upon the merits, and there can be no doubt, that a judgment entered up by the court, upon the agreement of parties, is, to say the least, as conclusive upon them as if judgment were rendered in the ordinary course of proceeding. We are, then, satisfied that the decree in question would be a bar to a second bill for the same cause, and must operate to bar the equity of redemption in the orator to the premises ; and that, consequently, the note now in suit is operative, and the judgment of the court below must be affirmed.