### SAMUEL BEAVAN & CO. *v.* R. A. SPEED.

The owner of a homestead can part with it only by the formalities prescribed by law. Such owner is not the only object of solicitude and care in our fundamental law; but the wife, if there be one, and children, if there be any, have rights in the homestead fixed by the Constitution, which cannot be divested, save in the manner prescribed by that instrument.

*Therefore,* where a judgment was obtained on a promissory note, in which it was stipulated that "the maker and endorser each hereby waive the benefit of the homestead exemption as to the debt evidenced by this note," the maker of the note having at the time a wife and children: *It was held,* that no release of the right to the homestead was thereby effected, and that the same could not be sold under an execution issuing on said judgment.

(*Abbott* v. *Cromartie*, 72 N. C. Rep 292, cited and approved.)

MOTION in the cause, heard before *Watts, J*, at Fall Term, 1875, of the Superior Court of FRANKLIN county, upon the following :

CASE AGREED :

The defendant R. A. Speed is seised and possessed of a tract of land lying in Franklin county, containing three hundred and seventy acres, and was so seised and possessed at the adoption of the present constitution.

2. The defendant's wife is seised, and possessed in her own right, of a tract of land situated in Franklin county, containing six hundred acres, on which are the dwelling house and other houses occupied and used as a residence by the defendant and his family ; (consisting of a wife and several infant children,) and was so seised and possessed at the time hereinafter mentioned.

3. The defendant, R. A. Speed, on the third day of November, 1870, executed to the plaintiff's his promissory note in words and figures as follows, to-wit:

"$457.15.                    HENDERSON, N. C., Nov. 15, 1870.

Four months after date I promise to pay to the order of Samuel Beavan & Co., Four hundred and fifty-seven 15-100 dollars; payable and negotiable at the office of Dunn, Todd & Co., Baltimore, value received, without offset ; the maker and endorser each hereby waive the benefit of the homestead exemption as to the debt evidenced by this note.

Witness — hand this — day of —, 187—.

[Signed]                              R. A. SPEED."

4. At Fall Term, 1872, of the Superior Court of Franklin county, the plaintiff obtained judgment for the amount of said note, against the defendant. Execution was issued on said judgment, returnable to Spring Term, 1873, of said court.

5. That James C. Wynne, sheriff of said county, after receiving the aforesaid execution and before levying the same, summoned appraisers to allot the defendant his homestead.

35

The appraisers allotted to the defendant the tract of land aforesaid, containing three hundred and seventy acres, valuing the same at the sum of one thousand dollars.   The report of the appraisers was returned by the sheriff to Spring Term, 1873, of said court, and also the execution, upon which was the following endorsement: "Homestead allowed; no property in excess of the homestead, to satisfy the within execution."

6. At the next term of said court the plaintiffs after due notice to the defendant, entered a motion to set aside said allotment.

It is agreed that if upon the above state of facts, the court shall be of the opinion that the defendant is not entitled to the aforesaid tract of land as a homestead, as against the plaintiff in this action, then there shall be a judgment setting aside said allotment and directing the sheriff of said county to sell the same or so much thereof as is necessary to satisfy the aforeraid judgment.   But if the court shall be of a different opinion, then this proceeding shall be dismissed at the cost of the plaintiff.

Upon the hearing of the case the court held that the defendant was entitled to a homestead, and rendered judgment against the plaintiff according to the case agreed.   From this judgment the plaintiff appealed.

*Davis* and *Cook*, for the appellant.
*Edwards* and *Batchelor & Son*, contra.

SETTLE, J.   On the third day of November, 1875, the defendant made and executed to the plaintiffs his promissory note, in words and figures following, to wit:

"$457.15.                    HENDERSON, N. C., Nov. 3d, 1875.

Four months after date I promise to pay to the order of

Samuel Beavan & Co., Four hundred and fifty-seven dollars and fifteen cents, payable and negotiable at the office of Dunn, Todd & Co., Baltimore, value received, without offset, the maker and endorser each hereby waive the benefit of the homestead exemption as to the debt evidenced by this note.

Witness — hand this — day ——, 187—.

R. A. SPEED."

Can the benefit of the homestead exemption be waived in this manner? "Every homestead, &c., not exceeding the value of one thousand dollars, shall be exempt from sale under execution or other final process obtained on *any debt.* Constitution, art. 10, sec 2.

"SEC. 3. The homestead after the death of the owner thereof, shall be exempt from the payment of any debt during the minority of his children, or any one them."

"SEC. 5. If the owner of a homestead die, leaving a widow but no children, the same shall be exempt from the debts of her husband, and the rents and profits thereof shall enure to her benefit during her widowhood, unless she be the owner of a homestead in her own right."

"SEC. 8. Nothing contained in the foregoing sections of this article shall operate to prevent the owner of a homestead from disposing of the same by deed; but no deed made by the owner of a homestead shall be valid without the voluntary signature and assent of his wife, signified on her private examination according to law."

These provisions of the Constitution, adopted for the first time in 1868, effected a radical change in our former system of laws, and this court, in furtherance of the object in view, has given to them the most liberal construction.

Counsel cited authorities from other States, to the effect that the homestead could not be thus waived. While it is always satisfactory to find a position supported by authority, we do not feel the need of it in this instance. We have

quoted the provisions of the Constitution bearing upon the question at issue, and we are content to rest our conclusion upon the plain and obvious meaning of the words, which leave no room for construction.

It is clear that the owner of a homestead is not the only object of solicitude and care in our fundamental law, but the wife, if there be one, and children, if there be any, have rights in the homestead, fixed by the Constitution, which cannot be divested save in the manner prescribed by that instrument, to wit: by the deed of the owner, accompanied by the voluntary signature and assent of his wife, signified on her private examination, according to law. The case agreed states that the defendant has a wife and several infant children.

This is justly considered one of the most beneficient provisions of the Constitution. But the construction contended for by the plaintiff, if adopted, would entirely defeat it, and would enable a thriftless husband, by a dash of a pen, to turn his wife and children out of house and home.

It is stated in the case agreed that the wife has lands in her own right, and could not therefore claim a homestead in the lands of her husband. She *now* has lands; *non constat*, that she *will* have lands, in her own right, when she becomes a widow.

In *Abbott* v. *Cromartie*, 72 N. C. Rep. 292, this court has held that a defendant, entitled to a homestead in certain lands, which have been sold under an execution against him, is not estopped from claiming his homestead, by accepting a lease for the same land from the purchaser at execution sale. And it is said, " the defendant owned the legal estate in the land, and the Constitution confers no new estate upon him, but only confirms an existing one, to the extent therein expressed, *and restricts his powers of alienation and to charge it with his debts.* Having then the estate in the land, exempt from

execution, *he can part with it only by the formalities pre-scribed by law.*"

His Honor in the Superior Court held, that the defendant did not waive his homestead by the recital to that effect, in the note upon which this action is founded, and in this opinion we concur. Let judg.nent be entered here, dismissing the action at the cost of the plaintiff, according to the case agreed.

PER CURIAM.    Judgment affirmed, and action dismissed.