\* HINSON & CUMMINGS v. ADRIAN & VOLLERS.

*Foreclosure Sale—Waiver of Homestead—Resale.*

1. In a sale of land by order of Court, the Court has the power to re-open the bidding, and order the land to be sold a second, and possibly a third time, for extraordinary cause, but the power should be exercised cautiously.

2. Where, in an action brought by mortgagees and judgment creditors to have the mortgaged property sold for the payment of the mortgages and judgments, a sale is made without objection by the debtor, it is too late for the debtor to ask for a homestead by metes and bounds after such sale has been made. His homestead can be paid to him in money.

3. A mortgagor is entitled to a homestead in an equity of redemption, and if the land is certainly of greater value than the mortgage debt, the homestead may be assigned by metes and bounds, but if by doing so the value of the homestead would be impaired, it is competent to order a sale, and assign the homestead in the money arising therefrom.

(*Cheatham* v. *Jones*, 68 N. C., 153; *Burton* v. *Spiers*, 87 N. C., 87; *Wilson* v. *Patton, Ibid*, 318, cited and approved).

---

\* Mr. Justice Ashe did not sit upon the hearing of this case.

This was a motion in the cause heard before *Philips, J.,* at Spring Term, 1884, of ANSON Superior Court.

The facts are fully set out in the opinion.

The motion was overruled and the defendant Knotts appealed.

*Messrs. J. D. Shaw, J. A. Lockhart* and *John W. Hinsdale,* for the plaintiff.

No counsel for the defendants.

MERRIMON, J.   This action was brought to Fall Term, 1880, and the complaint and answers were filed at and subsequent to said term.   At the Fall Term of 1881, the defendant Knotts filed an affidavit alleging that there were other judgment creditors and a mortgagee who had not been made parties to the action, and asking that they be made parties.   The court declined to make them parties and rendered judgment.   The defendant appealed to the Supreme Court, and at February Term of 1882, of that court, the case on appeal was heard and the court pronounced judgment that the other mortgage and judgment creditors were necessary parties to the action and should be made such, whereupon, at Fall Term of 1882, of the Superior Court, the other mortgage and judgment creditors were made parties to the action, and a decree was made by consent of all the parties thereto.   The defendant Knotts failed to comply with the conditions of that decree by failing to pay the first and other installments of the debts, as therein required to be paid, and the commissioner named in the decree, upon default made in the payment of the first installment, advertised and sold the lands described in the pleadings, and made report to Spring Term of 1883, of the Superior Court, at which sale the land brought the price of six thousand two hundred and ninety-five dollars ($6,295).   Thereupon, at that term, by the procurement, and at the instance and request of the defendant Knotts, an advance bid of ten per cent. was made by one C. M. Burns and accepted by the court, and upon motion of the defendant Knotts, based upon his affidavit, a resale was ordered.   A resale was

made by the commissioner, and a report thereof was made by him to Fall Term, 1883, at which sale the land brought, in the aggregate, $6,931.50. Before the bid and terms of sale were complied with, the plaintiffs Aaron & Rheinstein made an advance bid, increasing the price to the sum of $8,331, all of which was reported to the court at that term by the commissioner. The advance bid was recognized by the court and a resale was ordered. Under the order of resale, the commissioner sold the lands again in separate tracts, as they are described in the pleadings and in accordance with the order of the court. The plaintiffs Aaron & Rheinstein became the purchasers of all of the tracts, at the price of $8,331.

At the Spring Term of 1884, upon the report of the commissioner, the plaintiffs, and also the judgment creditors, and the defendants Adrian & Vollers, moved for a confirmation of the sale and a distribution of the funds arising therefrom according to the consent decree made in the cause. The defendant Knotts moved upon affidavit that the sale be set aside and that his homestead be allotted and set apart to him by metes and bounds out of the lands. The judgment creditors admitted that the defendant Knotts is entitled to one thousand dollars of the proceeds of the sale of the lands as his homestead, but deny his right to have the sale set aside and his homestead allotted by metes and bounds out of the lands so sold.

It is found as a fact, that the lands brought, at the last sale, $8,331, and that the debts secured by mortgages to Adrian & Vollers and R. T. Bennett amount to $3,169.05, with interest on the principal thereof from May 14th, 1883, and that the lands brought more than enough at any one of the sales to pay the mortgages in full and allow the defendant Knotts his homestead. The motion of the defendant Knotts was overruled, and the motion of the plaintiffs, the judgment creditors and Adrian & Vollers was allowed.

The court gave judgment that the sale of the commissioner be confirmed; that the commissioner make title to the purchasers or

their assigns; and that the clerk of the court pay out and make distribution of the proceeds of sale as follows:

1. That he pay the mortgage debts of Adrian & Vollers and interest accrued thereon.

2. That he pay to H. T. Knotts, the appellant, one thousand dollars as his homestead.

3. That he pay the costs of this action, to be taxed by the clerk, including one hundred dollars ($100) for making sale of lands, paying out proceeds and making title.

4. That he pay the other creditors mentioned in the decree, according to their respective priorities, as evidenced by the judgments and schedule hereto annexed.

The defendant Knotts excepted and appealed.

The appellant has no just grounds of complaint at the judgment of the court appealed from. The court granted him every reasonable indulgence, indeed, unusual favor, perhaps greater than was strictly consistent with the rights of the mortgage and judgment creditors. While the court had power to re-open the biddings and order that the land be sold again, and perhaps a third time for extraordinary cause, the power ought to be exercised cautiously and only for substantial cause, having due regard for the rights of all the parties interested.

The land was sold three times by order of the court, once at the instance of the appellant, it seems, without objection from the creditors. They now insist upon a confirmation of the sale and the payment of their debts.

If the court ought in any case to re-open the biddings so often and might do so yet again, no substantial excuse for doing so is assigned and shown. It is not suggested that the sale was in any respect irregular or unfair, or that the land did not sell for a fair price.

The appellant after the last sale of the land and before the same was confirmed, suggested to the court for the first time in the course of the action that he was entitled to homestead in the land and to have the same allotted to him. The judgment cred-

itors conceded that he was entitled to $1,000 of the proceeds of the sale of the land as for homestead, but denied his right now to have the sale set aside and have it allotted to him by metes and bounds. The law favors the homestead, and this Court has held that the mortgagor is entitled to have it in an "equity of redemption," subject to the right of the mortgagee to have his debt paid with the proceeds of the sale of so much of the land as may be necessary for that purpose. *Cheatham* v. *Jones*, 68 *N. C.*, 153. When it is made to appear that the land is of value certainly greater than the mortgage debt, and that the mortgagor may have homestead assigned to him, the court would in a proper case direct it to be assigned by a proper proceeding, perhaps in the same action. But in many cases, it might be impracticable to assign it in the land itself, as for example, when from the smallness of the quantity of the land, or its character and condition, or other like considerations, to assign it would impair its real value or lessen the price that might be obtained for it, and thus defeat it in part or altogether. In such and like cases, it is competent and proper, certainly by consent of parties, to set apart the value of the homestead in money, the proceeds of the sale of the land to the party entitled, and if the whole cannot be had, then so much as may be.

This doctrine is founded in the policy of the law that favors the homestead. If the party entitled cannot have it assigned in the land, for causes such as those indicated, the Court will allow to him money in lieu of it, of the proceeds of the sale of the land, after the debt of the mortgage shall be paid, or the lien that stands in the way of it shall be discharged, to the end that he may purchase other land, and thus obtain a homestead. If this were not done, in many instances it would be lost. The policy of the law is to help the party entitled to homestead, in that respect, as far as may be, without undue prejudice to the creditor entitled to have his debt paid in any case. *Burton* v. *Spiers*, 87 N. C., 87; *Wilson* v. *Patton, Ibid*, 318.

In cases involving circumstances like those mentioned, and in the present case, the party entitled to homestead may waive his right to have it assigned to him in the land; it might be materially to his advantage to do so, and it will be so taken, if he shall say nothing to the contrary at the proper time.   He is presumed to know what is most advantageous for himself and his family, if he have one.   The court cannot know how this may be until it shall be duly informed, and it must be informed in some orderly way, and in apt time, to enable it to do justice to all the parties interested, including the creditors.

In this case, the appellant wholly failed, through the whole course of the action, to set forth and insist upon his right to have the homestead assigned to him in the land, until after the rights of the parties had been settled, and the land had been sold three several times, and the motion had been made to confirm the sale. This savors of trifling with the court.   No excuse is given for the delay, nor is it suggested that any special advantage can be gained by the assignment as demanded.

The Court could not see that the appellant was entitled to homestead in the land sold, or to have money in lieu of it, in whole or in part—it might well be, that he had a homestead in other lands; indeed, he says in his application that he has other lands of the value of $600 or $700.   If he had made his application in apt time, it is probable, in view of the facts as they now appear, that the Court might have directed the assignment as demanded, but his demand came too late, especially as the creditors conceded that he might have, and the Court allowed him $1,000 of the proceeds of the sale of the land as for his homestead.   This, as the facts appear, was very liberal on the part of the creditors, and probably more than in strictness he was entitled to have.   It does not appear how the appellant can suffer unduly from the action of the Court; if, unhappily, he shall suffer any inconvenience, he has only himself to complain of; he ought to have made his application at the proper time.   Coming at so late a stage of the action and the delay unexplained, it seems captious,

and to be interposed to annoy and delay the creditors entitled to be paid. A court is a serious tribunal, and no party before it can be allowed to trifle in its proceedings in any respect; its office and purpose is to administer exact justice as nearly as may be to all parties before it, without favor to any. The debtor is entitled to have his rights administered and protected, but in no larger measure than the creditor.

There is no error, and the judgment must be affirmed. To this end, let this opinion be certified to the Superior Court according to law.

Judgment affirmed.