SALLIE SIMMONS ET ALS. v. W. R. McCULLIN.

(Filed 22 October, 1913.)

1. Exemptions—Judgments—Consent.

The defendant was convicted of murder of the deceased pending a civil action brought by the widow and administrator, and upon intimation of the judge, but without any evidence of duress, the defendant consented to a judgment in a certain sum in the civil action, payable out of the proceeds of a sale of certain of his real and personal property, which had been attached in the suit brought by the administrator, with the understanding that this should be considered by the judge in passing sentence in the criminal action, which was accordingly done: *Held*, the judgment in the civil action having been rendered by consent, that the property attached should be appropriated to the payment of the amount thereof and cost, without regard to any right of exemption therein, as the defendant could claim no homestead or personal property exemption, to the prejudice of the plaintiffs, for the consent judgment concluded him.

2. Same—Wife's Joinder—Constitutional Law.

A consent judgment entered against a husband, subjecting his lands to the payment of the amount thereof, will pass his homestead interest in the lands thus set apart without the joinder therein of the wife; for the wife's joinder is not required unless there is a judgment docketed and in force, which is a lien upon the land, or unless the homestead has actually been set apart. Const., Art. IV, sec. 8.

3. Exemptions—Judgments—Consent—Estoppel.

A consent judgment has the same force and effect as if it had been entered by the court in regular course, for it becomes a binding judgment when the court sanctions it. Hence, when a consent judgment has been entered for the sale of the property, including defendant's homestead and personal property exemption, it is as complete a bar as if the judgment had been regularly entered in the ordinary course and practice of the court, and it will work an estoppel as effectually as if the action had been tried on its merits.

4. Process—Nonresident—Court's Jurisdiction—Special Appearance —Excusable Neglect—Practice.

Objection to a judgment rendered by default upon the ground that summons therein had been served on the movant, a nonresident, while attending court as a witness in another action, should be made by special appearance, as the motion goes to the jurisdiction of the person and the defective service of process, and not by a motion to set the judgment aside on the ground of excusable neglect, which goes to the merits of the controversy and is equivalent to a general appearance and therefore a waiver of the defect in the service.

APPEAL by plaintiffs from *Lyon, J.,* at February Term, 1913, of SAMPSON.

This is an injunction against a sale of defendant's land. W. R. McCullin and James McCullin were indicted for the murder of Jonah Simmons, and were convicted of murder in the second degree. Plaintiff and the widow brought civil suits to recover damages for the killing. The court, after the verdict was returned in the criminal case, suggested that if a liberal provision was made for the widow, by allowing a judgment in the civil case for $3,000, he would consider it in passing sentence and award the minimum punishment. The parties all agreed to this and consented that judgment should be entered in favor of the widow for $3,000 and costs. This was accordingly done, and judgment was entered by consent for that sum and costs against W. R. McCullin and for $1 and costs against James McCullin, it being provided therein that "she recover of the defendants the sum of $3,000 and costs of the action, and the sheriff shall satisfy the same out of the property attached by him in the case of Charlie Bradshaw, administrator of Jonah

Simmons, against the said defendants, and that the said Charlie Bradshaw, administrator of Jonah Simmons, recover of defendants the sum of $1 and the costs of action, which the sheriff shall collect out of said property." The property was advertised by the sheriff, in obedience to the judgment of the court, and pending the said advertisement, defendants applied for and obtained an order restraining the sale of the property and an order to show cause why a perpetual injunction should not issue, upon the ground that the sheriff proposed to sell without allotting the homestead. Judge Lyon found as facts, on the hearing of the order to show cause before him, that James McCullin has a wife and child, but owns no real property, and that W. R. McCullin owns real property in Sampson County and has a wife. Upon his findings, the pleadings, and admissions, he adjudged that defendants are not entitled to any exemption in the personal property, and that W. R. McCullin is entitled to a homestead in the land owned by him, which is all he had, and he further adjudged that the sheriff allot and set apart the homestead of W. R. McCullin before proceeding to sell the land, and that he sell only the surplus of the land and what is called the "reversionary interest" and the personal property, and apply the proceeds to the payment of the judgment and costs. Plaintiff appealed.

*Faison & Wright and George E. Butler for plaintiff.*
*H. A. Grady for defendant.*

WALKER, J., after stating the case: It is evident that the judgment entered by the consent of the parties was the result of the compromise between them and intended to relieve the two convicted defendants of the heavy pains and penalties of the law which they had violated. In accordance with the agreement, the verdict was changed to one of manslaughter and the lightest sentence imposed, instead of confining the defendants in the penitentiary at hard labor for a long term. No question of duress is raised in the case. It presents the naked question, in the plaintiff's appeal, whether the defendant W. R. McCullin is entitled to a homestead as against this judgment. We observe that the argument of the defendant's counsel is based

SIMMONS *v.* McCULLIN.

almost entirely upon the assumption that the judgment was taken *in invitum,* whereas it appears, on its face, to have been entered by consent of the parties. It is not like the judgment of a court ascertaining their rights, with or without a verdict, and decreeing against them of its own will. In such a case, where it is adjudged that money be paid, the sheriff should have the homestead laid off to the defendant before selling the surplus, if any, of the land. The part so allowed and set apart is exempt from sale under the process for the period prescribed by law, and no part of it can be sold under execution until this quality of exemption has ceased to exist. It is not necessary to discuss the right to sell what is called the "reversionary interest," in the view we have taken of the case. Instead of being a judgment *in invitum,* this has all the attributes of a consent judgment, and it expressly provides, as we construe it, that all of the property, real and personal, upon which a former levy, under an attachment, had been made, shall be sold and the proceeds applied to the "satisfaction" of the judgment and costs. This must be the meaning and sense of it, not only in view of the facts and circumstances surrounding the parties at the time it was entered, but by the very terms of the judgment itself. By consent and with the sanction of the court, it is adjudged that the whole of the property be appropriated to the payment of the amount recovered and costs, without regard to any right of exemption.

The only remaining questions are: Was the wife's joinder necessary to thus condemn the property to the satisfaction of the judgment? and, second, Could the husband, in that form, part with his right of exemption? We think that both questions must be answered against the defendant W. R. McCullin. It has been held for a long time and in many cases that the wife's joinder is not required unless there is a judgment docketed and in force, which is a lien upon the land, or unless the homestead has been actually set apart. Const., Art. X, sec. 8; *Mayho v. Cotton,* 69 N. C., 289; *Hughes v. Hodges,* 102 N. C., 249; *Scott v. Lane,* 109 N. C., 155; *Joyner v. Sugg,* 132 N. C., 580; *Rodman v. Robinson,* 134 N. C., 503; *Shackleford v. Morrill,* 142 N. C., 221.

SIMMONS *v.* McCULLIN.

In *Hughes v. Hodges* the Court (by *Avery, J.*) said: "The defendant conveyed this land by mortgage deed to secure money (loaned to him on the land, as we infer). Until proof to the contrary is offered, the presumption is in favor of this power to convey, and the defendant offers no evidence of the existence of a judgment against himself. For the purpose of this discussion, there can be no difference between a mortgage and an absolute deed. His first wife, who was then living, did not join, and did not, therefore, convey her right to dower, had she survived her husband. But she died in 1881, and it is not necessary to discuss the rights of defendant's second wife. It is sufficient to say that neither she nor any other person can be allowed a homestead in the land. No homestead having been allotted before the deed was executed in 1876, or since, the deed of the defendant to the plaintiff's testator was valid, and passed the land to the grantee for the purposes mentioned therein, subject only to a contingent right (of dower) no longer hanging over it. We therefore hold that the judge erred in ordering the sale of the reversionary interest, and should have adjudged that the entire interest, instead of the reversionary interest only, be sold, unless the debt should be paid by the time mentioned."

In regard to the second question, we do not see that a judgment is none the less effective as a bar because its merits were determined, in whole or in part, by the agreement of the parties. It seems to us that it is immaterial whether it was obtained by consent or by a decision of the court upon the points in controversy, so far as its conclusiveness and binding force is concerned, which do not depend upon its form or upon the fact that the court investigated or decided the legal principles involved, and there is no substantial reason why it should not be just as effective to finally determine and settle the rights of the parties as if it had been rendered upon demurrer or verdict, nor why it should not be as complete a bar, between the parties to it, as any judgment *in invitum*. It has been conceded by the highest authority to have just that effect, and the courts have held that a judgment entered upon a stipulation of the parties after issue joined has the same binding force and operation as an estoppel as if the action had been tried on the merits

and the judgment was a perfect bar. The above principle is fully stated in the text of 2 Black on Judgments, sec. 705, and well supported by the cases in the notes. "A decree in equity, by consent of parties and upon a compromise between them, is a bar to any subsequent suit upon a claim therein set forth as among the matters compromised and settled, although not in fact litigated in the suit in which the decree was rendered." *Nashville R. Co. v. U. S.,* 113 U. S., 261; *Bugley v. Watson,* 98 Tenn., 357; *Adler v. Van Kirk L. Co.,* 114 Ala., 561. "There can be no doubt that a judgment entered up by the court, upon the agreement of parties, is, to say the least, as conclusive upon them as if judgment were rendered in the ordinary course of proceeding." *Pelton v. Mott,* 11 Vt., 148 (34 Am. Dec. (Extra Anno.), 678). The same doctrine, we think, has been expressly approved by this Court. In *Stump v. Long,* 84 N. C., 616, it was held that an agreed judgment or order is binding and conclusive and cannot be set aside or modified, without the consent of both parties, except upon the ground of mutual mistake or fraud. See *Edney v. Edney,* 81 N. C., 1; *Kerchner v. McEachern,* 90 N. C., 179, and 93 N. C., 455; *Vaughan v. Gooch,* 92 N. C., 527. It is said in *Kerchner v. McEachern,* 90 N. C., 179, that while the terms are settled by the parties, the judgment has the same force and effect as if it had been entered by the court in regular course, and, in that sense, it becomes the judgment of the court, by virtue of its sanction.

*Lamb v. Gatlin,* 22 N. C., 37, was decided on special grounds, and is not like this case, and the same may be said of *Bank v. Commissioners,* 119 N. C., 214. The matters there involved, it was held, were not the subject of agreement, but here the defendant is *sui juris* and can convey, release, or otherwise dispose of his property by deed duly executed, or contract, or judgment regularly entered, and may sometimes even lose his constitutional rights by not asserting them at the proper time and in the proper way. A regular judgment against him, disposing of his homestead, would not be void or even irregular, but at most only erroneous, and to be corrected, if wrong, by appeal. *McLeod v. Graham,* 132 N. C., 473; *Henderson v. Moore,* 125 N. C., 383. The case of *Beavan v. Speed,* 74 N. C.,

544, does not apply, as there was no direction to sell the land, but simply a judgment for the amount of the note. As the joinder of the wife is not required, we do not see why the husband cannot part with his right of exemption by judgment that the land should be sold to pay the sum recovered as well as he can by mortgage or deed for the same purpose. *Hughes v. Hodges, supra.* Defendant alleges, in his application for the injunction against the sale, that the land is not more than sufficient in value to pay the claim. How, then, can the latter be "satisfied" without selling the land as an entirety, and without regard to the homestead?

In the view we have taken of the case, it is not necessary to discuss the correctness of the decision in *Dellinger v. Tweed,* 66 N. C., 206, which we were asked to reëxamine. The Court's ruling as to the personal property is covered by what we have said in regard to the homestead exemption.

There was error in the judgment, and it will be modified by dissolving the injunction and requiring the land to be sold for the payment of the amount due and costs, without allotting any homestead or personal property exemption. Appellant will recover the costs of this Court.

Error.

### DEFENDANTS' APPEAL.

WALKER, J. The decision in the plaintiff's appeal requires us to declare that there was no error in this appeal. There are other reasons that might be assigned for this conclusion, but it is unnecessary to state them.

No error.