P. D. PENCE v. K. A. PRICE, W. W. BURNS, AND G. R. WOOTTEN.

(Filed 30 June, 1937.)

1. **Evidence § 38—Held: Proper foundation was laid for admission of secondary evidence of lost records.**

   A finding by the court, supported by evidence, that judicial records relevant to the issue had been lost in moving the county offices to a new courthouse, and could not be found upon diligent search, *is held* sufficient foundation for the admission in evidence of copies of the records established by a finding of the court to be true copies of the originals.

2. **Homestead § 8—**

   The homestead exemption will be enforced whenever possible, and waivers thereof are regarded with disfavor.

3. **Appeal and Error § 45a—**

   Where jury trial is waived, the findings of fact by the court, when supported by competent evidence, are as conclusive as the verdict of a jury.

4. **Homestead § 8—Findings held to support judgment that defendant had waived his homestead right in surplus after foreclosure.**

   Decree was entered in a suit for foreclosure that the land be sold and the proceeds applied to the mortgage debt and other claims constituting liens on the land. Confirmation of the sale was entered which stipulated that defendant mortgagor should be forever barred from asserting any right or title to the land and no appeal was taken from the decree or order of confirmation. The commissioner's report recited that judgment in another action had been entered against the mortgagor which stipulated that it should constitute a lien against the land from the filing of *lis pendens*, and that the commissioner was holding the surplus after payment of the mortgage debt pending the appeal in that action in order to determine priority of judgments against the mortgagor. Upon appeal, it was determined that the judgment was on a money demand, and that *lis pendens* did not apply. Defendant had asserted his homestead rights in the action on the money demand. A year after confirmation defendant first made motion in the foreclosure suit for allotment of homestead out of the surplus from foreclosure, and undisbursed funds were set aside by the commissioner pending determination of the motion. Defendant did

not have the motion for allotment of homestead placed on the motion docket until ten years after the motion was made. *Held:* The facts support the judgment of the court that defendant had waived his right to homestead in the surplus after foreclosure by failing to assert same, and evidence of the proceedings in the action on the money demand was competent on the question of waiver.

DEVIN, J., dissenting.

CONNOR, J., concurs in dissent.

APPEAL by K. A. Price, movant, from *Alley, J.,* at September Term, 1936, of CATAWBA. Affirmed.

This is a motion, filed 15 July, 1925, by defendant K. A. Price, in a civil action entitled "P. D. Pence *v.* K. A. Price, W. W. Burns, and G. R. Wootten," for allotment of his homestead from the proceeds of sale of his real estate, which was sold under judgment of foreclosure by Chas. W. Bagby, commissioner. The parties agreed to waive a jury trial, substituting therefor the judge presiding, to find the facts.

The facts found and judgment are as follows: "This cause coming on to be heard upon motion made by defendant K. A. Price, on 15 July, 1925, for the allotment of a homestead in the premises described in the complaint or in the proceeds derived from the sale thereof, and it having been agreed that the court should find the facts, the court finds the following facts:

"1. That at May Term, 1924, in the case of P. D. Pence against K. A. Price, W. W. Burns, and G. R. Wootten, which action was for foreclosure of a mortgage given by defendant Price to plaintiff upon the lands described in the pleadings, a judgment was rendered in favor of plaintiff and against defendant for $4,021.72, and interest on $3,400 from 5 May, 1924; and that by the terms of said judgment Chas. W. Bagby was appointed a commissioner to make a sale of the real estate; and it was further adjudged that 'said real estate is subject to sale and hereby ordered to be sold for the satisfaction of the judgment now rendered in favor of the plaintiff, for the settlement and discharge of the W. W. Burns note and mortgage now held by G. R. Wootten for $2,500, and all unpaid interest thereon, and after these for the satisfaction of any other claims which may constitute a lien upon the property in order of their priority.'

"2. There was no appeal from said judgment; and the defendant Price had filed no answer and had made no demand prior thereto for a homestead in the lands or the proceeds to be derived from a sale thereof.

"3. That prior to the May Term, 1924, and subsequent to the execution, delivery, and registration by K. A. Price of the mortgage to W. W. Burns and of the mortgage to P. D. Pence, a judgment was duly rendered and docketed in the office of the clerk of the Superior Court of

Catawba County, North Carolina, in favor of H. M. Price and against K. A. Price for $7,356.20, interest and costs.

"4. That on 26 June, 1924, after due and legal advertisement, the commissioner sold at public auction the property in accordance with the terms of the judgment, when and where G. R. Wootten became the last and highest bidder at the price of $15,000.

"5. That the original papers in this cause cannot, after diligent search, be found in the office of the clerk of the Superior Court, and the same appear to have been lost or misplaced during the moving of the county offices at the time the new courthouse was constructed; and the court finds that Exhibit A, hereto attached, is a true and correct copy of the report of sale by the commissioner.

"6. That at the July Term, 1924, of Catawba Superior Court, the court, at the request of defendant K. A. Price, granted him additional time within which to secure an increased bid, with the understanding that the court, at the expiration of said time, could enter judgment of confirmation or order a resale out of term and out of the district.

"'7. That thereafter, in August, 1924, his Honor, Judge W. F. Harding—the judge holding the courts of the district—approved the order of confirmation signed by the clerk of the Superior Court of Catawba County on 11 July, 1924; that said judgment of confirmation cannot be found, after diligent search, and that Exhibit B, hereto attached, excepting the date of approval, is a true and correct copy thereof. No appeal was taken by defendant Price from this judgment of confirmation, although it expressly provided that the Commissioner's deed 'shall forever estop the said K. A. Price from claiming any title, interest, or equity in or to said property by reason of the fact that G. R. Wootten, the owner of the judgment and other liens against the property, became the last and highest bidder, and for any and all other reasons arising prior to the signing of this judgment: "That the commissioner is directed to receive the purchase money and to disburse the same in accordance with the terms of the prior judgment." '

"8. Thereafter, the commissioner filed his report of receipts and disbursements, which was duly audited and recorded in the official records in the office of the clerk of the Superior Court of Catawba County, North Carolina; that this report, after setting forth in detail the payment of the Pence and Burns mortgages and various other items of disbursements, contains the following: 'This leaves a balance of $6,873.60 uncredited. However, Mr. G. R. Wootten, the purchaser of the property, is the owner of a judgment against K. A. Price, the former owner of the property, for the sum of $7,356.20. There is also a judgment in the case of "J. T. Horney *v.* K. A. Price" for about $1,100, which judgment states it is a lien on the property I sold. I am author-

ized to make proper credit on the $7,356.20 judgment, when the "J. T. Horney v. Price" case is finally settled. As both judgments are now liens upon the property, and as K. A. Price will have nothing coming to him in either event, I have not required the purchaser to pay me the $6,873.60.'

"That in the judgment of the Superior Court in 'Horney v. Price,' it was set out that the judgment was effective from the time of filing of notice of *lis pendens,* which made it effective prior to the judgment in 'H. M. Price v. K. A. Price,' and G. R. Wootten and K. A. Price appealed therefrom.

"9. In June, 1925, the case of 'J. T. Horney v. K. A. Price' was decided by the Supreme Court of North Carolina, reported in 189 N. C., 820, and it was held that the Horney judgment did not constitute a special lien under the *lis pendens* statute.

"10. Thereafter, on 15 July, 1925, the defendant K. A. Price, in the case of 'P. D. Pence v. K. A. Price, W. W. Burns, and G. R. Wootten,' made a motion in open court for the allotment of his homestead in the premises or in the proceeds derived from the sale thereof.

"11. That after the decision of the Supreme Court in the case of 'J. T. Horney v. K. A. Price,' and after the making of the homestead motion on 15 July, 1925, the commissioner caused the judgment in the case of 'H. M. Price v. K. A. Price' to be credited with all proceeds, excepting $1,000 of the sale remaining after the payment of costs, tax liens, and the amount due on the Pence and Burns mortgages, and also wrote on the judgment docket, in substance, the following: 'A credit of $1,000 is being withheld pending disposition of motion by defendant K. A. Price for homestead.'

"12. That from the time of making the motion for homestead until about one year ago, the defendant K. A. Price made no further effort to have his homestead allotted, and that at said time he caused the action to be placed on the motion docket.

"Upon the foregoing facts, it is ordered and adjudged that the defendant K. A. Price has waived, and is estopped from claiming, his homestead rights, and that he is not entitled to a homestead in the lands or in any part of the proceeds derived from the sale thereof; and that the commissioner is authorized to enter an additional credit of $1,000, as of 25 August, 1924, upon the judgment of 'H. M. Price v. K. A. Price.' It is further ordered that the costs of this action, including the recording of this judgment, be taxed against K. A. Price.

"The parties, in open court, at September Term, 1936, agreed that the decision of the court herein and its findings of fact could be made and signed out of term and out of the district as of September Term, 1936. This 30 September, 1936.                        FELIX E. ALLEY,
                                                    *Judge Presiding.*"

To the foregoing findings of fact and judgment, K. A. Price, movant, excepted, assigned error, and appealed to the Supreme Court.

*C. D. Swift, Bailey Patrick, and W. A. Self for respondents.*
*M. H. Yount for movant.*

CLARKSON, J.   The movant, K. A. Price, excepted and assigned error (which we cannot sustain) to certain evidence as to lost records and the controversy in the case of "Horney v. Price." We think the foundation was properly laid for the evidence as to lost records and the evidence as to the "Horney case" was relevant and material on the question of waiver. We think the only serious question on this record is: Did K. A. Price waive his right to homestead exemption? We think he did.

The homestead exemption is a favorite of the law and the right will be sustained whenever it is possible to do so, but it can be waived and released and thus made ineffective.

It was agreed that the court below might find the facts.

It is well settled that where a jury trial is waived the findings of fact, supported by evidence, by the court are as conclusive on us as if the facts were found by a jury.

In regard to homestead exemptions of movant K. A. Price, the court below found as a fact that at May Term, 1924, an action had been instituted against K. A. Price to foreclose a certain mortgage given by him. At May Term, 1924, a judgment was rendered against Price. It is found as a fact that "There is no appeal from said judgment; and the defendant Price had filed no answer and had made no demand prior thereto for a homestead in the lands or the proceeds to be derived from a sale thereof."

A judgment was duly rendered against Price confirming the sale. It is found as a fact: "No appeal was taken by defendant Price from this judgment of confirmation, although it expressly provided that the commissioner's deed 'shall forever estop the said K. A. Price from claiming any title, interest, or equity in or to said property by reason of the fact that G. R. Wootten, the owner of the judgment and other liens against the property, became the last and highest bidder, and for any and all other reasons arising prior to the signing of this judgment: "That the commissioner is directed to receive the purchase money and to disburse the same in accordance with the terms of the prior judgment herein." ' "

It is further found as a fact that "Thereafter, on 15 July, 1925, the defendant K. A. Price, in the case of 'P. D. Pence v. K. A. Price, W. W. Burns, and G. R. Wootten,' made a motion in open court for the allotment of his homestead in the premises or in the proceeds derived from the sale thereof."

This was nearly a year after final confirmation. "That from the time of making the motion for homestead until about one year ago, the defendant K. A. Price made no further effort to have his homestead allotted, and that at said time he caused the action to be placed on the motion docket." This was some ten years after that K. A. Price made this motion.

In *Caudle v. Morris,* 160 N. C., 168 (171), is the following: "As contended by the learned counsel for plaintiffs, there is no such claim or plea of homestead set up in the answer of either Bryant Smith or Mollie Morris. It has been uniformly held by the Court that in an action to recover land, if the defendant desires to claim a homestead therein he should assert his rights by proper averment in the answer. *Wilson v. Taylor,* 98 N. C., 276. In the opinion the Court says: 'No issue in regard to the homestead was raised by the pleadings, and there was no question in relation thereto, as appears from the record, till after the verdict. The issues are raised by the pleadings,' citing *Hinson v. Adrian,* 92 N. C., 121. The Court further says: 'In all cases cited by counsel for the defendants, the claim to the homestead was presented by the pleadings.' This case has been cited and approved in a number of cases given in the annotation edition of our reports, and is directly in point and determinative of this appeal." *Simmons v. McCullin,* 163 N. C., 409; *Duplin County v. Harrell,* 195 N. C., 445; *Cheek v. Walden,* 195 N. C., 752; *Farris v. Hendricks,* 196 N. C., 439.

It may be noted that in the action "J. T. Horney v. K. A. Price" is the following: "Counsel at the same time stated that in any further proceedings, either in this cause or any other cause affecting the property in question, the defendant K. A. Price reserves his right at all times to seek the benefit of the Constitution in law for the preservation of his homestead rights in the lands, and defendant objects to the judgment tendered to the court and signed. To this judgment the defendant excepts and appeals to the Supreme Court. Notice given in open court." This appeal was never perfected.

The judgment in the "Horney case," entered at the September Term, 1924, recites that it is to be effective from the time of filing of *lis pendens* therein, 22 March, 1923, and the commissioner states that the question of Dr. Price's homestead was raised in that case. This was prior to the filing of the present motion on 15 July, 1925.

In *Simmons v. McCullin, supra,* at p. 414, we find: "A regular judgment against him, disposing of his homestead, would not be void, or even irregular, but at most only erroneous, and to be corrected, if wrong, by appeal. *McLeod v. Graham,* 132 N. C., 473; *Henderson v. Moore,* 125 N. C., 383." N. C. Prac. & Proc. in Civil Cases (McIntosh), sec. 652, pp. 735-6.

Under the facts found, supported by competent evidence, we think the movant, K. A. Price, has lost his right to his homestead exemptions.

For the reasons given, the judgment of the court below is

Affirmed.

DEVIN, J., dissenting: I find myself unable to agree with the majority opinion holding that the judgment debtor has waived his right to the homestead under the facts of this case.

The right of a debtor to the exemption of his homestead from sale under execution or other final process, guaranteed by the Constitution, has been uniformly regarded as one peculiarly entitled to the protection of the court. The loss of the homestead exemption is not favored by the law. C. J., 931.

It is settled law in this State that a judgment debtor whose land has been sold under a prior mortgage is entitled to a homestead in the surplus over the mortgage debt. *Wilson v. Patton,* 87 N. C., 318; *Leak v. Gay,* 107 N. C., 468; *Montague v. Bank,* 118 N. C., 283; *Farris v. Hendricks,* 196 N. C., 439.

The only question presented in this case is whether the judgment debtor has lost his right to homestead by waiver or estoppel. The facts as they appear from the record and findings of the judge below do not justify the conclusion that the defendant debtor has waived his constitutional right. The defendant's land was subject to the two principal liens of a mortgage and a judgment. The mortgage creditor instituted action to foreclose and no defense was interposed either as to the debt or the right to foreclose, and judgment of foreclosure was entered and a commissioner named to sell. At the sale the land was purchased by G. R. Wootten, who was the owner of the debt secured, and also the assignee and owner of the judgment.

The foreclosure judgment, after adjudging the debt and decreeing sale, provided: "Any clear balance in his (commissioner's) hands shall be paid over to said K. A. Price. And the effect of this judgment and decision shall be to foreclose the said Price from any further equity or right of redemption in said land. And this cause is retained for such other and further orders as may be proper."

The order confirming the sale directed the commissioner to execute deed for the land to the purchaser free of all liens and equities, and decreed that the deed should forever estop Price from claiming any title, interest, or equity in said land, and the commissioner was directed to disburse the purchase money "in accordance with terms of prior judgment herein."

The final report of the commissioner, dated 14 February, 1925, showed a surplus of $6,873 over the mortgage debt, and recited that as there was

a pending action of "Horney v. Price," involving an asserted lien on the land, he was authorized to make the proper credit on the Wootten judgment when the "Horney case" was settled. The case of "Horney v. Price" finally resulted in decision that Horney had no specific lien on the land. As Horney's judgment in that case was subsequent to the Wootten judgment, it has no further relation to this case, except that reference was made in the appeal entries therein to Price's claim of homestead in the land.

On 15 July, 1925, defendant Price filed in the cause a written motion for the allotment of his homestead in the surplus proceeds from the sale of his land, and the minute docket of the court contains this entry: "Motion heretofore made and filed by K. A. Price for allotment of his homestead in the purchase money in the hands of Chas. W. Bagby, commissioner, over and above the amount due for payment of the mortgages, interest, and costs, was called and continued by the court for further hearing."

After the final decision of "Horney v. Price," and after the entry of the motion for homestead, the commissioner caused the Wootten judgment to be credited with all proceeds of sale after payment of mortgages, taxes, and credit of $1,000, and entered on the judgment docket the following: "A credit of $1,000 is being withheld pending disposition of motion by defendant Price for homestead." Thereafter no further entry was made as to the motion for homestead until it was heard at September Term, 1936. The court below found "that from the time of making the motion for homestead until about one year ago the defendant made no further effort to have his homestead allotted, and that at said time he caused the action to be placed on motion docket."

Upon the facts recited, it was adjudged that K. A. Price was "estopped from claiming his homestead rights"; that he was not entitled to homestead in the surplus, and the judgment thereupon authorized the commissioner to enter an additional credit of $1,000 upon the Wootten judgment. In this I think there was error.

In the last analysis, the facts show that after the sale under foreclosure and while the surplus belonging to the mortgage debtor was still in the hands of the commissioner and unapplied, the judgment debtor filed motion for the allotment of his homestead right therein. This motion was entered on the docket and continued for hearing by the court. The commissioner entered on the judgment docket that the $1,000 fund was withheld pending the disposition of this motion. There the matter rested. It does not appear whether it was the fault of the plaintiff, defendant, or the court that it was not called for hearing earlier. The creditor suffered nothing by the delay, while the debtor may have lost the income from the fund during that period. Conceding it was the

movant's duty to press his motion, he cannot be held to have waived his right to press it by permitting it to remain undisposed of. His motion was still pending in court and could only have been disposed of by some judgment or order of the court. *Hanks v. Utilities Co.,* 210 N. C., 312. As was said in that case, "No statute of limitation runs against a litigant while his case is pending in court."

The fact that defendant Price filed no answer to the foreclosure suit and did not appeal from the judgment cannot deprive him of his constitutional right. In order to preserve his right to homestead the debtor is not required to deny the obligation or to appeal from the judgment declaring the debt. The Constitution guarantees to him the right to his homestead and exempts it from sale under execution or other final process. The original judgment only foreclosed his right of redemption in the *land,* not to his homestead right in the *surplus.* The balance from proceeds of foreclosure sale was ordered paid over to the defendant, and the judgment ordered the cause retained for further orders.

The confirmation judgment directed the disbursement of the fund "in accordance with the terms of the prior (foreclosure) judgment."

This could not be held to estop defendant thereafter to claim his constitutional right while the fund was still not fully disbursed and while the amount of his homestead was, and still is, held pending the disposition of his motion for homestead.

The cases, cited in the opinion as authority for holding it was necessary for the defendant Price to have asserted his right to homestead by proper averment in the answer, do not sustain that rule as applicable to the facts in this case. "It is out of the facts that the law arises."

In *Caudle v. Morris,* 160 N. C., 168, the suit was to recover land from defendant Smith, who held a deed from J. C. L. Harris, commissioner. The plaintiffs claimed under a prior deed to their father, now deceased. Upon verdict for plaintiffs, the judgment there recited that the recovery of the land was subject to the homestead of the widow of plaintiffs' father. But in that case there were no debts and no creditors, and therefore the homestead right of the widow under sec. 5, Art. X, of the Constitution did not apply, and it further appeared that the widow was a party to the proceeding in which Harris was appointed commissioner while the plaintiffs were not. There were no pleadings to raise an issue as to the widow's right to a homestead, and the insertion in one of the issues, "Subject to homestead of A. V. Emery's widow," was held not sufficient to establish homestead in her.

The facts in the instant case are manifestly quite different.

In *Simmons v. McCullin,* 163 N. C., 409, there was a consent judgment that the plaintiff (the widow of a man who had been feloniously slain by the defendant) recover of the defendant $3,000, and "the sheriff

shall satisfy the same out of the property attached by him in the case of 'Bradshaw, administrator of Simmons, against defendant McCullin.' " It was there held that the homestead had been waived and that the judgment was not void, but at most erroneous and to be corrected on appeal.

In *Wilson v. Taylor,* 98 N. C., 275, the facts were that the defendant Taylor requested plaintiff to buy in the land for him at a sale by the sheriff under execution of a judgment by another against Taylor. It was held that plaintiff, for the amount so paid out at the request of the plaintiff, had a lien on the land, and that no question of homestead was raised. The opinion in that case uses this language: ". . . whether by any act, however fraudulent and misleading, the owner can be estopped from claiming a homestead, except by deed with the consent of the wife, evidenced by her privy examination, as prescribed by Art. X, sec. 8, of the Constitution, it is not necessary for us now' to consider, and if it were, Edward Taylor, as appears from the evidence and verdict of the jury, having invoked the kindness and friendship of the plaintiff, and procured the purchase of the land for his own benefit, and for which, at his solicitation, the plaintiff had paid the claim of the defendants, does not present a very meritorious consideration. *Hinson v. Adrian,* 92 N. C., 121."

In *Duplin County v. Harrell,* 195 N. C., 445, Harrell's land was sold under various deeds of trust, resulting in a surplus. This was ordered paid over to a judgment creditor under a judgment docketed in 1923, for the reason that in 1925 Harrell had conveyed the land to Cooper, trustee for O. C. Blanchard, and therefore was not entitled to homestead, having conveyed it. The Court there said: "We think the prior judgment of Parker had priority over the subsequent deed in trust to Cooper, trustee for O. C. Blanchard."

In *Cheek v. Walden,* 195 N. C., 752, it was held that a judgment creditor was not permitted to sell the land under execution without allotting the homestead, notwithstanding the subsequent execution of a mortgage on the land by the judgment debtor.

In *Farris v. Hendricks,* 196 N. C., 439, it was held that the judgment debtor was entitled to homestead in the surplus but not to be paid its present cash value.

In *Hinson v. Adrian,* 92 N. C., 121, the homestead was allotted in the surplus after sale under mortgage, but not in the land itself.

It seems to me that none of the cases cited is sufficient authority for holding that the defendant, under the facts appearing in this case, has waived his constitutional right to homestead.

On the contrary, it was held in *Beavan v. Speed,* 74 N. C., 544, and in *Howell v. Roberson,* 197 N. C., 572, that a debtor ·could not waive his homestead by an agreement to that effect contained in the note.

And in *Abbott v. Cromartie,* 72 N. C., 292, where the debtor's land was sold under execution without allotting homestead, and the debtor leased the land from the purchaser for three years, it was held that this did not constitute a waiver or bar the debtor's claim to homestead.

In *Lambert v. Kinnery,* 74 N. C., 348, it was said that the homestead right could be lost or parted with only in the mode prescribed by law.

To the same effect, *Littlejohn v. Egerton,* 76 N. C., 468; *Edwards v. Kearsey,* 74 N. C., 241. See, also, *Ferguson v. Wright,* 113 N. C., 537; Connor and Cheshire, Constitution of North Carolina, pp. 393-394.

There was no estoppel upon defendant either by judgment, by deed, or *in pais.* There was no evidence of conduct on his part to mislead the creditor, or alter his position. Nor should the defendant be held to have waived a constitutional right by failing to press a motion pending in court as to a fund still held awaiting the disposition of his motion.

CONNOR, J., concurs in dissenting opinion.