Hall, Judge.
 

 I think, in this case, before a verdict bad been rendered against the Defendant, a knowledge of the fact that the personal property spoken of was the property of Pearson, should be brought home to him, or it ought to appear that the property had been pointed out to him as the property of Pearson, with an indemnity to sell it.
 
 It
 
 appeared that Pearson had on the lots, carriages, and other personal property more than sufficient to discharge the debí, and that the property was not concealed. But it did not appear that the Sheriff had a knowledge that those carriages (the other property is not specified) w ere the property of Pearson, the Defendant in the executions. He might have (bought that they belonged to other persons and had been brought there for the purpose of being repaired. It is to be inferred from the case, but it is not stated, that the carriages, kc. were the property of Pearson. Taking the facts as stated in the case to be true, (and so we must take them) 1 think enough was not proved to warrant the
 
 Ju ry
 
 in finding a verdict for the Plaintiff, and (hat the rule for a new trial «hould be made absolute.
 

 
 *384
 
 Tayioií, Chief-Justice, and Hendekson, Judge, con? curred»