*185
 
 Dastiisl, J.
 

 Both the County and Superior Courts ceeded in their judgments on this rule, not barely to discharge it as to the plaintiff, but directed the sheriff how he should dispose of the money, raised by the sale of the land, among the other execution creditors; a thing not called for by the rule, and which, therefore, we shall not determine in this opinion of ours. We, however, concur with the judge in his opinion, that the plaintiff has no right to any of the money arising from the sale of Porter’s land ; as there is not enough to pay the justice’s judgments. It is true, that the levies on Porter’s land by the constable, Marks, ought regularly to have been returned to the next Terra of the County Court, which would have been February Term. And it is equally true, that the court should not have made any order for the
 
 venditioni
 
 to issue, until all the personal property, which had been levied on, had been first sold, and the a
 
 mount credited on the justice's judgment, in balance only of the money due on the judgments would to be raised out of the land under the venditionis. Henshaw v Branson, 3 Ired. 298. But who had a right take advantage of these errors and irregularities. Porter, the defendant in these jusice's executions, and nobody else, had a right to object. He, so far from raising an objection, actual
 
 ly waived all errors, and permitted the ordeno be made at May Term, as prayed for by the plaintiffs in those justice’s judgments. It is a maxim, that consent takes away error. The
 
 venditioni
 
 in each case recites the levy on the land by the constable, and also the date of that levy. All these levies were made before the plaintiff obtained his judgment against Porter ; and, of course, as they are not void, have priority to the plaintiff’s execution.
 

 As to the amendments permitted to be made on the returns of the justice’s executions by Marks, all we can say is, that the amendment was at May and was not appealed from. The question of its propriety, is, therefore, not before us. We cannot, in deciding this rule, look behind the orders of sale and the writs of
 
 venditioni ex'ponas
 
 issued thereon. It is to be recollected, that the writ jutifies the sheriff and
 
 *186
 
 that he is, therefore, bound to pay the money to the creditors according to the preferences appearing upon their executions. Here Whitaker’s is a
 
 ji.fa.
 
 tested at May Term; while those of theother creditors are writs of
 
 venditioni ex-ponas
 
 on levies before May. The rule ought therefore to have been discharged and the judgment is affirmed with costs.
 

 Per Curiamj. Judgment affirmed.