*630
 
 Nash, J.
 

 We have examined the exceptions died against the opinion of the Judge, who tried the cause, and concur with him in his judgment. The first objection is founded, we presume, upon the 7th section of the act of 1836.
 
 It
 
 directs, that “all warrants issued by a Justice of the Peace shall be made returnable on or before thirty days from the date thereof, Sundays excepted, and not after,” &c. The warrant in this case literally complies with the act. It is directed “to any lawful officer to execute and return within thirty days, Sundays excepted.” The exception is, that the judgment is void, because it was rendered or entered up more than thirty days after the date of the warrant. Looking to the substance, and not simply to the language, and the objection is, that, the warrant was returned after the expiration of the time designated in the act and the judgment was then rendered. The warrant was dated on the 4th of August 1848, which was Friday, and the judgment obtained on the 8th of September. Supposing, that a judgment obtained before a magistrate, on a warrant returned after the thirty days, as stated in the act, be void, the question does not arise here; because, by allowing the four Sundays in August and the one in September, the warrant was returned on the 30th day.
 

 The second objection is, that the defendant in the execution had personal property, which ought to have been levied on, and not the land. The case shows, that, at the time the judgment in this case was obtained, three others were given against the present defendant in favor of this plaintiff, amounting in the whole to $150. Executions were issued upon all of them, at the same time, and all placed in the hands of the same officer; and all of them were levied at the same time. The defendant in the executions had personal property, but not to an amount sufficient to satisfy them. ,Tbe personal property was not shown to the officer, nor did he know of its existence.-—
 
 *631
 
 The Act of 1836,
 
 Rev. Stat.
 
 ch,
 
 62,
 
 sec. 16, expressly re-cognises the personal property of a debtor as the primary fund for the satisfaction of a Justice’s execution ; nor is the officer at liberty to levy it on the land, but when no goods and chattels are to be found, or not a sufficiency to discharge it. This provision is for the benefit of the debtor, and when an officer is about to make a levy, if the debtor has personal property and wishes to save his land, he must show it. If he does not, the officer commits no wrong by levying on the land in the first instance. The fact, however, disclosed by the case, that the officer did not know of the existence of the personal property, or what is the same thing, that there was no evidence to prove that he did know it, is decisive of this objection — he could not levy on that, of whose existence he had no knowledge. Moreover, no possible injury could arise to the defendant in the execution or to his heirs, as the former had, before the return of the execution, conveyed away, by a deed of trust, all his personal property to secure debts of a greater amount than it was worth.
 

 The third exception is, that the levy was fraudulent and interlined after it came to Cpurt. The fraud consisted in the alleged fact, that, after the levy had been returned to Court, the officer had altered o his return by interlining the words “for the want of goods and chattels.” There is nothing in the case to show, when those words were interlined, whether before or after the return of the levy. The constable is an officer, whose official returns are made on oath; and, as, before he makes his return, he may alter it any manner he pleases, so as to present the truth, we are bound in common charity and justice to presume in this case, the alteration was made at the time when he could legally make it.
 

 In what the fraud consists,of which the defendant complains. beyond the iuterlineatiou, we are not positively informed. We gather, however, from the close of the
 
 *632
 
 Judge’s opinion, that it was in the alleged fact, that the levy was made, after and not before, the death of Israel Stanly, the father of the defendants, and against whom the judgment was obtained. The case discloses no evidence, showing that the levy was ante-dated.
 

 We concur with his Honor in the view, which he took ■of the case, and that there is no error in the proceedings in the County Court. The judgment is affirmed ; and a
 
 procedendo
 
 will issue to the County Court of Guilford.
 

 Per Curiam. Judgment accordingly.
 

 Note. — There were three other oases, at this Term, between the same parties, in which the same judgment was rendered.