Nash, J.
 

 We concur with his Honor, both in the reception of the testimony objected to, and in his charge. The lessor of the plaintiff and the defendant both claimed the premises in dispute, under Allen Cheyne, who was a citizen of Georgia and resident there. Allen Cheyne claimed to be a devisee under the will of his father Henry Cheym, and, being largely indebted to the estate, the ex
 
 *471
 
 ecutors took out an attachment against him and caused it to be levied upon the land in question, and other property, and such proceedings were had, that a regular judgment was obtained against the defendant, Allen Cheyne, at the November Term, 1847, of Union County Court; and, at same Term, one Williams and Milton Ohing, who had been summoned as garnishees, upon the examination, confessed, that each was indebted to Allen Cheyne and the debts were condemned to the satisfaction of the plaintiff’s debts and judgments were rendered against each of them, to the amounts severally admitted to be due. These garnishees were solvent, and are still so — a
 
 venditioni exponas
 
 issued ; and at the sale the lessor of the plaintiff, it is alledged, became the purchaser, and, to show that fact, he offered in evidence the
 
 venditioni exponas
 
 and the Sheriff’s return thereon. This was objected to by the defendant, upon the ground, that the
 
 venditioni exponas,
 
 and the Sheriff’s return constituted no part of the record and were not admissible as evidence to establish the sale by the Sheriff, and, the purchase by the lessor. The objection was overruled, and the testimony admitted by the Court, as proof that the execution was in the hands of the Sheriff, at the time of the sale, that there was a sale by him, and that the lessor of the plaintiff was the purchaser at such sale. The defendant claimed the land, under a deed from Allen Cheyne, bearing date April, 1847, before the attachment issued, and it was contended by the lessor of the plaintiff that it was made to defraud the creditors of Allen Cheyne, and therefore void — on the part of the defendant, it was insisted, that the plaintiff could not recover, for that a sum .sufficient to pay the debt in the attachment had been condemned in the hands of the garnishees, and that the plaintiffs in the attachment, of whom the lessor of the plaintiff in this case was one, could not 'sell the land in controversy, until he had collected the sums so condemned or showed
 
 *472
 
 that he could not collect them. The objection was overruled by the Court and the jury were instructed, that, if the deed from Allen Cheyne to the defendant was made to defraud his creditors it was void, and the plaintiff was entitled to a verdict. The objection of the defendant to the
 
 venditioni
 
 and the Sheriff’s return is two-fold; first, that it was no part of the record ; and secondly that the return was but the certificate of the Sheriff, of what he had done under the precept. It is certain that the
 
 venditioni
 
 is not apart of the record, so as to carry absolute verity with it, but it was the authority, under which the officer acted, and his only authority to sell; it was, therefore, a necessary part of the evidence, in making out the plaintiff’s title, and for the purpose for which his Honor admitted it, it was clearly competent; as to there turn on the
 
 venditioni,
 
 it is an official act, rendered necessary by the law, which compels the Sheriff to make
 
 due
 
 return of every precept which comes to his hands, and this return is a notification to the Court, of what the officer has done under the precept. It is not conclusive evidence, being
 
 not
 
 a judicial, but a ministerial, act, so neither is the conveyance by the Sheriff to the purchaser. In both cases the opposing party may show, that no sale did take place, or that the land specified in the deed was not levied on or sold. But they are both
 
 prima facie
 
 evidence and stand effective until rebutted. This position is sustained by the cases of
 
 Smith
 
 v.
 
 Love,
 
 5 Ire. 197, and
 
 Patterson
 
 v.
 
 Britt,
 
 11 Ire. 389.
 

 The second objection urged by the defendant is equally untenable. The plaintiff in the
 
 venditioni exponas,
 
 so far as the defendant is concerned, had a right to have the land sold under it, although he had judgments against the garnishees at the time. This objection is founded on the general principle, that a debtor’s personal property is first to be made subject to an execution. It is unnecessary to investigate that doctrine here. For we hold, that if an
 
 *473
 
 injury has been inflicted by a Sheriff’s departing from this order, it is a matter between him and the owner oí the property, the defendant in the execution.
 
 Mordecai
 
 v.
 
 Parker,
 
 3 Dev. 435. In this case the jury have found that the conveyance from Allen Cheyne to the defendant was made to defraud his creditors ; it is, therefore, void, as to the
 
 latter,
 
 and, as far as they are concerned, conveyed no title to the defendant b,ut left it still in Cheyne, who is no party in this suit.
 

 Per Curiam. Judgment affirmed.