Battre, J.
 

 In the case of
 
 Sloan
 
 v.
 
 Stanly,
 
 11 Ire., 627, it was decided that where an execution is about to be levied by a constable, the debtor, if he has personal property, must show it, and, if he do not, the officer commits no wrong by levying on the land in the first instance. So, if it do not appear that the officer knew of the existence of the personal property, he is justifiable in levying on the real estate. The present case differs from the one referred to in the fact that the officer knew that the debtor was in the possession of goods and chattels, as well as of lands; but he was informed, and had good reason to believe that the debtor had conveyed, or was endeavoring to convey all his property, both real and personal, to a third person. The plaintiff in the execution had the right to test the validity of that conveyance ; and we think he had the option to select which kind of property should be levied on, for the purpose of trying the title. It- is manifest that less difficulty would be encountered by a levy upon the land than upon the personal property of the debtor; and, according to the facts stated in the constable’s return, the court was authorized to grant the order for a
 
 venditioni exponas.
 

 It is very certain, we think, that a debtor may, if he prefer to keep his personal property, request the officer to levy
 
 *309
 
 upon his land, and the officer will be justified in so doing, and stating the request in his return. So, in our opinion, an attempted fraudulent conveyance of all his property by a debtor will amount to a waiver of his right to have his persoual property taken in preference to his land, and the officer may levy, in the first instance, upon the land and make his reason known in his return. The right to have his personal property taken and sold before his realty is intended as a benefit to the debtor, and there is no reason why he may not waive, or forfeit it. In either case where the facts are made known to the court, in the return of the officer, the court may proceed to act upon it, and order the sale of the land for the satisfaction of the debt.
 

 Per Curiam. Judgment affirmed.