ELLEN DICKENS et al. v. J. A. LONG et al.

*Sale of Decedent's Land for Assets—Collateral Attack by Minor Heirs—Homestead.*

1. A purchaser at a judicial sale will be protected if the sale was authorized by a judgment rendered by a court having jurisdiction of the subject-matter and the person, although the judgment might be impeached for irregularity.

2. Minor children of a deceased person who were made parties to a proceeding for the sale of their father's land to pay his debts, and failed to claim homestead rights in the land, cannot, after coming of age, maintain an action against the grantees of an innocent purchaser under a decree of sale rendered in such proceedings, to set aside the sale and recover possession of the land on the ground that it was the homestead of the deceased, and as such exempt from payment of his debts "during the minority of the children, or any one of them."

CIVIL ACTION, heard and determined by *Connor, J.*, at November Term, 1892, of PERSON Superior Court.

The case was heard at April Term, 1891, by Boykin, Judge, and from the judgment then rendered dismissing the action an appeal was taken and heard at September Term, 1891, of this Court, and was reported in 109 N. C., page 165, where the facts are fully stated.

Under leave granted, the plaintiffs, after entering a *nol. pros.* as to Hal. and Isabella Edwards, amended their complaint by alleging that the decedent, their father, whose land was sold, and which they seek to recover, was indebted, and that the debts were not such as to be good against the homestead, and that the land sold, being the homestead, was exempt from sale during the minority of the plaintiffs, Vinie, Susan and Lucy, or either of them, who had no other homestead.

The defendants demurred to the complaint, assigning as cause:

1. That under the decision of the Supreme Court, made in this cause, at September Term, 1891, none of the plaintiffs can further prosecute the present action, except Isabella Edwards and her husband, Hal. Edwards, and as to them the defendants rely upon the answer heretofore filed.

2. That none of the other defendants being purchasers at the sale of John R. Chambers, administrator, are affected with notice of any alleged fraud or irregularity, but being purchasers at a sale made by the heirs at law of Sallie Barnett, or from those who were such purchasers, and without notice of any irregularity or fraud, have acquired a good title, and ask that the same be protected by the Court.

3. That the plaintiffs, who were defendants in the action of John R. Chambers, administrator, are estopped by the judgment rendered in that action, and the same cannot be impeached in this action brought to recover the land.

4. That the heirs and administrator of Sallie Barnett are necessary parties to any action to impeach the order heretofore made in the action of J. R. Chambers, administrator, and to have right and justice done to the defendants, and to have the heirs of said Sallie Barnett or her administrator subrogated to the right of the creditors of Mangum Barnett, whose debts have been paid by the money of Sallie Barnett, if, in any event, the said sale can be vacated.

5. That the plaintiffs who were of age at the time of the sale made by John R. Chambers have no interest in this action, as the sale was good and effectual as to them, and they are bound by the decree rendered in said action.

The Court, being governed by its construction and understanding of the opinion of the Supreme Court on the former appeal in regard to the legal effect of the failure on the part of the administrator to have the homestead allotted,

overruled the demurrer, the Judge settling the case on appeal saying that the other averments in the complaint in regard to the procedure in the special proceedings were not considered, and that the judgment had reference entirely to the homestead phase of the case. His Honor further stated: "The Court in its ruling has endeavored to follow the opinion of the Supreme Court. If it has failed to do so it respectfully disavows any purpose to disregard the said opinion."

The defendants appealed from the judgment overruling the demurrer, and assigned as error:

The ruling of the Court that after the plaintiffs had entered *nol. pros.* as to Hal. and Isabella Edwards the other plaintiffs could further prosecute this action, and contend that said ruling is contrary to the opinion of the Supreme Court, which allowed the action to be prosecuted in the name of Isabella Edwards alone, and decided that the other plaintiffs were properly nonsuited and must await the result of a direct proceeding before suing for the possession of the land. That the Court erred in holding that this action was a direct proceeding for such purpose and in accordance with the decision of the Supreme Court.

*Mr. W. W. Kitchin*, for plaintiffs.

*Messrs. J. W. Graham, Merritt & Bryant*, for defendants (appellants).

AVERY, J.: When this case was brought before us upon appeal from the rulings of the Court in the course of a trial (109 N. C., 165) it was held that the action in the then existing state of the pleadings could not be maintained by the other plaintiffs, but that as Isabella Edwards and her husband, Hal. Edwards, were not concluded by the judgment in the special proceeding, she was entitled to

be let into possession as a tenant in common, if it should be found that she was an heir at law of Mangum Barnett, as was alleged on the one side and denied on the other, and had not aliened her interest. After amending their complaint so as to allege that none of the debts, for which the administrator of said Barnett was licensed to sell, were contracted before 1868, or were of such a nature that the homestead of the decedent or his children could be subjected for their satisfaction, the plaintiffs Isabella Edwards and her said husband entered a *nol. pros.*, and the action is now avowedly prosecuted upon the theory that the extrinsic allegations as to the character of the debts owing by Barnett give the plaintiffs a status in Court, and upon proof of their truth entitle them to recover on the ground that they have thus collaterally shown the judgment in the special proceeding to have been void *ab initio.* By the withdrawal of Isabella Edwards, as a plaintiff, counsel have emphasized their purpose to rest their right to recover exclusively on this position.

The former appeal (109 N. C., 165) was from a ruling of the Judge below that, upon the pleadings and testimony offered before the jury, the plaintiffs were not entitled to recover. The plaintiffs submitted to a judgment of nonsuit, and upon review in this Court a new trial was granted and the plaintiffs were allowed to amend their complaint. The view, obviously entertained by the Judge below on the former trial, was that whether the action were then treated as a direct proceeding to vacate the decree for sale, as preliminary to a demand for possession in the same suit, or simply as an action for possession in which the plaintiffs set forth in advance specific averments as to title, for the purpose of showing that the defendants claimed title from the same source, and that the conveyance through which they deraigned title was void, in either event they had

failed, both by allegation and proof, to make a *prima facie* case. Counsel contended on the former appeal that the original complaint set forth all of the impeaching facts, upon proof of which the Court could in one action vacate the decree and give judgment for a writ of possession. Eliminating the question as to the rights of Isabella Edwards, which is no longer involved, the Court here sustained the ruling below, assigning as a reason, among others, for so holding, that even where a plaintiff relied upon a sale under execution and a Sheriff's deed in deraigning his title, if, upon an exhibition of the judgment, execution and levy, it did not appear whether the judgment was rendered for a debt for which the homestead could be subjected or not, he was *prima facie* entitled to recover—citing *Mobley* v. *Griffin*, 104 N. C., 112; *McCracken* v. *Adler*, 98 N. C., 400, and *Wilson* v. *Taylor*, *Ibid.*, 275, to sustain that view. Considered, then, as a direct attack, and even giving the plaintiffs the benefit of the liberal rule applicable to sales under execution, instead of to judicial sales, the original complaint would have fallen short of showing apparent title in failing to negative the right to sell under the decree. The first complaint, considered as an impeachment of the decree because it required an illegal sale of a homestead, did not state facts sufficient to warrant a judgment vacating it, because of the failure to make the negative averment. If they rested their demand for such relief, preliminary to the grant of a writ of possession, upon the alleged irregularities in the proceeding, then the curative statutes passed from time to time by the General Assembly were held to have validated the decree. The cases of *Ward* v. *Lowndes*, 96 N. C., 367; *Fowler* v. *Poor*, 93 N. C., 466; *Morris* v. *Gentry*, 89 N. C., 248; *Cates* v. *Pickett*, 97 N. C., 21, and others, sustain the position. So that in neither aspect of the

pleadings were the plaintiffs then entitled to recover upon proof of all that was alleged.

Advancing a step further, the original plaintiffs, other than Isabella Edwards and her husband, demand in their amended complaint that upon proof that the license was granted to create assets for the payment of debts, for which the homestead would not have been liable to sale, if objection had been made in apt time on behalf of some of the plaintiffs, the decree shall be set aside even now after the infants, who were parties to the original proceeding, have arrived at maturity, and when the lands have passed by a second judicial sale as the property of the purchaser at that sale into the hands of strangers who have bought in good faith.

It seems that the learned Judge below was misled, possibly by the want of perspicuity in the opinion or the failure to extend the discussion so as to anticipate the phase which the case has now assumed, though the statement that comes up contains a disavowal of any purpose to make a ruling in conflict with that of this Court.

The statute (*The Code*, §502) enjoins upon the Sheriff the mandatory duty of summoning three discreet persons to appraise and allot a homestead to any judgment debtor who is entitled to such exemption, before levying an execution in his hands upon the land. Neither his ignorance of the rights of a debtor nor his obstinate refusal to recognize them will be allowed to defeat the latter's claim to the benefit of a home for which the Constitution provides, though the presumption of law prevails in favor of the legality of his action in selling, till a party attacking it shows its invalidity because made in disregard of a statute enacted to carry into effect the organic law. *Mobley* v. *Griffin* and *Wilson* v. *Taylor*, *supra*. The sale by the Sheriff was not under a judicial decree, and if he flies in the face

of a mandatory provision of law, by accident or design, his acts must be declared void at the instance of a party who shows even collaterally, after a proper averment, that his constitutional rights were disregarded.

If the judgment in the special proceeding were reversed for irregularity, a purchaser " at a sale made under and in pursuance of such judgment, which was in force and which was authorized, will be protected. All that the purchaser in such case is required to know is that the Court had jurisdiction of the subject-matter and the person and made the judgment, upon the faith of which he purchased, and that such judgment authorized the sale." *England* v. *Garner*, 90 N. C., 197; *Williams* v. *Johnson*, decided at this Term. The Court had the authority in that proceeding to order a sale to create assets, and the defendants, as appears from the complaint, claimed either directly or indirectly from Sallie Barnett, who purchased at the sale under the decree.

We may add that the beneficent provisions of the Constitution exempted the homestead from the payment of any debt of the owner " during the minority of the children, or any one of them" (Art. X, sec. 3), for the purpose of providing them a home, and where they fail to make claim to such exemption as parties to a proceeding which involves their right, and suffer a decree to be entered, which is inconsistent with such right, they will not be allowed after arriving at years of maturity to have the decree declared void, and cause innocent purchasers at the sale and those claiming under them to suffer by reason of their reliance upon the stability and validity of the decree. The plaintiffs, who were infants then, are adults now and no longer entitled to the benefits not asked in their behalf when their right to them was drawn in question. *Hughes* v. *Hodges*, 102 N. C., 236.

We think that the Court below erred in overruling the demurrer. It should have been sustained, with a proviso that the plaintiffs might amend upon such terms as might have been thought proper.

Judgment Reversed.