MRS. M. J. M. WEIR, INDIVIDUALLY, AND MRS. M. J. M. WEIR AND W. H. HOOD, EXECUTORS OF THE WILL OF JOHN H. WEIR, DECEASED, v. CLIFFORD FOWLER, SHERIFF OF UNION COUNTY, AND W. H. COLLINS.

(Filed 14 November, 1928.)

**Injunctions—Preliminary and Interlocutory Injunctions—Grounds Therefor.**

In an action to declare a sale of land under execution of judgment void, the remedy of restraining further proceedings under the sale is by motion in the original cause, and a separate action for a restraining order is unnecessary.

APPEAL by defendants from *Deal, J.,* at Chambers in Wadesboro, 7 March, 1928. From UNION.

Civil action to enjoin the sheriff of Union County from delivering deed for certain lands to W. H. Collins, the last and highest bidder at an execution sale.

Upon the return of the temporary order, the same was continued to the hearing. Defendants appeal, assigning errors.

*H. B. Adams for plaintiffs.*
*John C. Sikes for defendants.*

---

IN RE WILL OF THOMPSON.

STACY, C. J. This is a companion case to *Weir v. Weir, ante,* 268. Plaintiffs instituted the present action to restrain the sheriff from delivering deed for the lands sold under execution, until a hearing could be had on their motion, made in the original cause, to have said sale set aside and the same declared void. This was unnecessary, as the same relief, if needed, could have been obtained by motion in the original cause. Indeed, the granting of an order *nisi* to set aside an irregular execution, in such proceeding, operates, as soon as the parties have notice of it, to stay any further action. *Foard v. Alexander,* 64 N. C., 69; *Long v. Jarrett,* 94 N. C., 443.

Error.