SHELBY BUILDING & LOAN ASSOCIATION v. J. M. BLACK.

(Filed 12 April, 1939.)

1. **Mortgages § 34b—**

A last and highest bidder at a foreclosure sale is but a proposed purchaser or preferred bidder during the ten days allowed by statute for an increase in the bid, and the sale cannot be consummated until after the expiration of ten days after the public auction, C. S., 2591.

2. **Mortgages § 36: Limitation of Actions § 3—**

An action for a deficiency judgment after foreclosure is not barred by chapter 529, section 1, Public Laws 1933, Michie's N. C. Code, 437 (a), when it is instituted less than one year after the expiration of the ten-day period for an increase in bid, even though it is instituted more than one year after the date the property is exposed for sale.

APPEAL by defendant from *Rousseau, J.,* at March Term, 1938, of CLEVELAND. Affirmed.

This is an action on a promissory note secured by deed of trust on real estate instituted after the foreclosure of the deed of trust securing said note.

The action was commenced by the issuance of a summons on 28 August, 1937. The deed of trust was foreclosed by exposing the land for sale at public auction at the courthouse door, after due advertisement, on 22 August, 1936, on which date the plaintiff became the last and highest bidder, which sale was confirmed by the clerk of the Superior Court on 7 September, 1936, and deed from Clyde R. Hoey, the trustee in the deed of trust, to Shelby Building & Loan Association, dated 5 September, 1936, was delivered to said association.

The defendant pleaded in bar of plaintiff's right to maintain its action section 1, chapter 529, Public Laws 1933 (N. C. Code of 1935 [Michie], 437 [a]), the portion of which germane to this action reads: "No action shall be maintained on any promissory note, . . . secured by a . . . deed of trust on real estate after the foreclosure of the . . . deed of trust securing same, except within one year from the date of sale under such foreclosure, . . ."

The judge of the Superior Court held that the action was not barred by the statute and instructed the jury peremptorily so to answer the issue relative thereto. From judgment in favor of the plaintiff the defendant appealed, assigning errors.

*Joseph C. Whisnant for plaintiff, appellee.*
*Peyton McSwain for defendant, appellant.*

SCHENCK, J. In the record it is stipulated that the only question involved on this appeal is whether the action is barred by the statute of limitation pleaded, chapter 529, Public Laws 1933; and the answer to the question is dependent upon what is meant by the words "within one year from the date of sale under such foreclosure."

It is the contention of the defendant that the aforesaid words mean within one year from the date the property was exposed for sale at public auction, and that since this exposure was made on 22 August, 1936, and this action was commenced on 28 August, 1937, six days more than one year from the first date, the action is barred by the statute pleaded. It is the contention of the plaintiff that the words mean within one year from the consummation of the foreclosure sale, and that such consummation could not take place until at least ten days after the exposure for sale at public auction. We concur with the contention of the plaintiff.

By becoming the last and highest bidder at the foreclosure sale on 22 August, 1936, the plaintiff became but a proposed purchaser or pre-

ferred bidder during the ten days allowed by statute for an increase in the bid. *Davis v. Insurance Co.,* 197 N. C., 617; *Alexander v. Boyd,* 204 N. C., 103; *Creech v. Wilder,* 212 N. C., 162. During this ten days there was an offer of purchase by the last and highest bidder, but no acceptance thereof by the trustee, which was necessary for a consummation of the sale. C. S., 2591, provides that "in the foreclosure of . . . deeds of trust on real estate . . . the sale shall not be deemed to be closed under ten days. If in ten days from the date of the sale, the sale price is increased . . . and the same is paid to the clerk of the Superior Court, the . . . trustee . . . shall reopen the sale of said property and advertise the same in the same manner as in the first instance." The provision that the foreclosure sale "shall not be deemed to be closed under ten days" from the date the property was exposed to sale at public auction clearly means that such foreclosure sale cannot be consummated within ten days from such exposure. The tenth day after 22 August, 1936, the date the property was exposed for sale at public auction, was 1 September, 1936, which was the earliest possible date that the foreclosure sale could have been deemed closed, or consummated, and 28 August, 1937, the date this action was commenced, was four days less than one year therefrom.

We are of the opinion, and so hold, that the ruling of the Superior Court was correct and the judgment thereof is

Affirmed.