In the Matter of N. W. HOWARD, Administrator of the Goods, Chattels and Credits of N. C. RAY, Deceased, v. LYDIA RAY, JENNIE R. McKENZIE, SALLIE RAY, MRS. FLORA M. BRITT and Husband, D. H. BRITT, MRS. MARY BELLE MONROE and Husband, H. M. MONROE, CLARENCE RAY and Wife, MRS. CLARENCE RAY, and BLANCHE RAY .................... and Husband, ....................................

(Filed 17 March, 1943.)

**Executors and Administrators § 13c—**

In a special proceeding by an administrator to sell land to make assets to pay debts whether the bid be raised under authority of C. S., 86, and C. S., 2591, or motion be made by a party interested in the proceeds for an order of resale under C. S., 86, only, it is clear that a private sale is

open to either course for ten days from the date and report of sale. During that period the bidder acquires no right of possession or title. He is merely a preferred bidder.

APPEAL by plaintiff from *Sink, J.,* at January Term, 1943, of LEE.

Special proceeding to sell real property to create assets with which to pay debts of decedent.

When the proceeding came on for hearing, the clerk, appointing commissioner for the purpose, ordered that the land be sold "at public auction or private sale and/or as otherwise required by law in such cases." The commissioner, under date 24 September, 1942, reported in pertinent part that he had sold to K. E. Seymour certain portions of the land at private sale for the sum of $600, which offer seemed "fair and adequate" therefor, and that "the administrator herein joins in recommending that sale be ordered confirmed to the purchasers indicated above." The clerk, finding that "the sale was in all respects duly and properly conducted and made," and that the price offered is "fair and adequate and the fair value of the land," entered order on Monday, 5 October, 1942, confirming the sale, and ordered the commissioner to execute and deliver deed in fee simple to the purchaser for said land upon payment of the purchase price. Thereafter, on 12 October, 1942, W. W. Stedman filed with the clerk a written offer to raise the said bid of K. E. Seymour by ten per cent. Thereupon, the clerk, being of opinion, and so holding, that W. W. Stedman is not entitled to have a re-sale at public auction as provided by C. S., section 86, refused to order re-sale. W. W. Stedman excepted thereto and appealed to judge holding courts of the Fourth Judicial District. Upon hearing on such appeal, the judge, presiding at January Term, 1943, of Superior Court of Lee County, finding as facts "that the report of private sale of lands to make assets was first made and filed in clerk's office on October 5th, 1942, or on October 6th, 1942, . . . and said sale was confirmed on the same day report was first filed in clerk's office," and "that on October 12, 1942, and in less than ten days, W. W. Stedman offered and filed in writing, and deposited in office of clerk, a raised bid ten per cent of the purchase price thereof," ordered that the land to which the bid relates "be re-advertised as provided by C. S., 86." The administrator excepts thereto, and appeals to Supreme Court and assigns error.

*T. J. McPherson for N. W. Howard, administrator.*
*D. B. Teague of counsel for plaintiff, appellant.*
*K. R. Hoyle for defendant, appellee.*

WINBORNE, J. The order of resale of land in question from which appeal is taken appears to be in accordance with statutory authority. C. S., 86, and C. S., 2591.

When in special proceeding to sell real property to create assets with which to pay debts of a decedent an order for private sale is made by any Superior Court of the State, the statute, C. S., section 86, provides that "the provisiöns of section 2591, chapter, Mortgages and Deeds of Trust, not inconsistent with this section shall apply." And in said section 2591 it is provided that a sale of real estate under the provisions thereof shall not be deemed to be closed under ten days, and that, if in ten days from the date of sale, the sale price be increased ten per cent where the price does not exceed five hundred dollars, and five per cent where the price exceeds five hundred dollars, and the same is paid to the clerk of Superior Court, the clerk shall issue an order to require advertisement and resale of the real property.

The facts in the case in hand bring it within the purview of these statutes. It is contended, however, that the bidder, offering to raise the bid, is not interested in the proceeds of the sale. While in this connection it is true that in C. S., 86, after providing that "the provisions of section 2591, chapter, Mortgages and Deeds of Trust, not inconsistent with this section shall apply," it is further provided "and the court may also, upon motion of any person interested in the proceeds of such sale, filed in writing within ten days from the date and report of said sale, together with satisfactory proof that said real estate has not been sold for its real value, require the sale to be re-opened, and thereupon the court may issue an order for the sale of such premises at public sale, as required by section 2591, chapter, Mortgages and Deeds of Trust," the wording clearly indicates that the latter quoted provision is in addition to the former quoted provision. Moreover, whether the bid be raised under authority of C. S., 2591, as therein prescribed, or motion be made by party interested in the proceeds for an order of resale under C. S., 86, as above quoted, it clearly appears that a private sale is open to either course for ten days from the date and report of sale. During that period the bidder acquires no right of possession or title. He is merely a preferred bidder. *Creech v. Wilder,* 212 N. C., 162, 193 S. E., 281, and cases cited. See also *Building & Loan Assn. v. Black,* 215 N. C., 400, 2 S. E. (2d), 6.

The cases *Thompson v. Rospigliosi,* 162 N. C., 145, 77 S. E., 113, and *Barcello v. Hapgood,* 118 N. C., 712, 24 S. E., 124, upon which appellant relies, are distinguishable from, and are not inconsistent with decision here reached.

The judgment below is

Affirmed.