NORTH CAROLINA NATIONAL BANK, A NATIONAL BANKING ASSOCIATION, PLAINTIFF v. CHARLES F. SHARPE AND WIFE BETTY R. SHARPE, DEFENDANTS

No. 8022SC253

(Filed 2 December 1980)

**1. Execution § 9; Homestead and Personal Property Exemptions § 5— execution sale — waiver of allotment of homestead**

Defendants waived the right to have a homestead allotted in real property sold under execution where the defendants made no objection to the sale under execution without allotting the homestead until five months after the sale was completed, the property had been sold to third parties in the meantime, and the *feme* defendant was present at the sale and did not request the allotment of a homestead.

**2. Execution § 11— judgment in one county — property sold under execution in another county — proper procedure**

The procedure employed in an execution sale complied with statutory requirements where the judgment against defendants was rendered in Iredell County and the property sold under execution was located in Alexander County; a transcript of the judgment was docketed in Alexander County and the Clerk of Superior Court of Iredell County issued the execution; and the Sheriff of Alexander County reported the sale to the Clerk of Superior Court of Alexander County, who confirmed the sale and approved the Sheriff's final report. G.S. 1-307; G.S. 1-308; G.S. 1-339.63; G.S. 1-339.67.

APPEAL by defendants from *Walker (Hal H.), Judge.* Order entered 4 December 1979 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 9 September 1980.

This appeal brings to the Court a question in regard to a

homestead exemption. The plaintiff secured a judgment against the defendant which was affirmed on appeal. *Bank v. Sharpe,* 35 N.C. App. 404, 241 S.E. 2d 360 (1978). On 19 January 1979, the Sheriff sold under execution certain real property which had belonged to the defendants. A homestead was not set aside for the defendants. Defendants were represented by an attorney and the *feme* defendant was present at the sale. No objection was made to the Sheriff's failure to allot a homestead. On 23 March 1979, the plaintiff conveyed the property to Joey Albert Williams and wife.

On 27 August 1979, the defendants filed a motion to set aside the sale under the execution. This motion was denied in the superior court by an order filed on 4 December 1979. Defendants appealed.

*Pope, McMillan, Gourley and Kutteh, by Robert H. Gourley, for plaintiff appellee.*

*W. P. Burkhimer for defendant appellants.*

WEBB, Judge.

[1]     Article X, Section 2 of the Constitution of North Carolina and G.S. 1-369 through G.S. 1-392 exempt certain real property from sale under execution. This constitutional and statutory right may be waived. *See Land Bank v. Bland,* 231 N.C. 26, 56 S.E. 2d 30 (1949); *Cameron v. McDonald,* 216 N.C. 712, 6 S.E. 2d 497 (1940); *Pence v. Price,* 211 N.C. 707, 192 S.E. 99 (1937). The question posed by this appeal is whether the defendants waived the right to have a homestead allotted in the real property sold under execution. The defendants made no objection to the sale under execution without allotting the homestead until five months after the sale was completed. In the meantime, the real property had been sold to the third parties. The *feme* defendant was present at the sale and did not request the allotment of a homestead. We hold these facts constitute a waiver by the defendants of their right to have the homestead allotted.

The defendants contend that *Stokes v. Smith,* 246 N.C. 694, 100 S.E. 2d 85 (1957); *Williams v. Johnson,* 230 N.C. 338, 53 S.E. 2d 277 (1949); and *Dickens v. Long,* 112 N.C. 311, 17 S.E. 150 (1893) hold that defendants did not have to claim a homestead in order to have it allotted, and it was error for the superior court to hold they have waived it. *Dickens* is the only case relied upon by the defendants which deals with a waiver of the right to have a homestead allotted

and that case recognizes that, under certain circumstances, the right may be waived. It is true that the Sheriff is under a duty to allot a homestead before selling real estate under execution without a request for it. Nevertheless, we hold the defendants were under a duty not to acquiesce in the extinguishment of their rights to the extent they did in this case. By doing so they waived the right.

[2] The defendants next assign error to the procedure for the execution sale. The judgment against the defendants was rendered in Iredell County. The property sold under execution was located in Alexander County. A transcript of the Iredell County judgment was docketed in Alexander County and the Clerk of Superior Court of Iredell County then issued the execution. This followed the statutory requirements. *See* G.S. 1-307 and G.S. 1-308. The Sheriff of Alexander County reported the sale to the Clerk of Superior Court of Alexander County who confirmed the sale and approved the Sheriff's final report. We hold that this complies with G.S. 1-339.63 and G.S. 1-339.67. This assignment of error is overruled.

By their last assignment of error, the defendants contend the superior court erred in not setting aside the judgment. Defendants contend this should have been done because the plaintiff's claim should have been asserted as a counterclaim in a prior action between the parties in Caldwell County. A judgment has been entered against the defendants which has been affirmed by this Court. *Bank v. Sharpe, supra.* The defendants may not now attack the judgment on this procedural ground.

We note that Joey Albert Williams and wife were owners of the property at the time the motion to set aside the Sheriff's deed was made. They were necessary parties since their interest in the property would have been affected if the motion had been allowed. In light of our decision, it is not necessary that they be joined as parties at this point.

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.